FILED

IN THE UNITED STATES DISTRICT COURT, IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION 2019 APR 17 PM 3:37

| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (fka Darwin Select Insurance Company), <br><br> Defendant and Counterclaimant. | Misc. Action 6:19-MC-25-ORL-41-GJK <br><br> Underlying Case Pending in the United States District Court for the Southern District of California <br><br> Case No.: 18-CV-0925 JLS (MSB) <br><br> ORAL ARGUMENT REQUESTED |

## MOTION TO QUASH NON-PARTY DEPOSITION SUBPOENA AND/OR MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rules of Civil Procedure 45 and 26, Mark E. King ("Mr. King"), a non-party, by and through his undersigned counsel, moves the Court for the entry of a protective order and/or to quash the subpoena served by Allied World Surplus Lines Insurance Company ("Allied World") on April 12, 2019, which commands Mr. King's deposition on April 19, 2019, in an action pending in the United States District Court for the Southern District of California. Allied World's subpoena should be quashed and/or a protective order entered because it requires disclosure of privileged information, is harassing and unduly burdensome, fails to allow a reasonable time to comply, and is otherwise defective for the reasons set forth below. In addition to an order quashing Allied World's subpoena and/or entry of a protective order, Mr. King requests an award of reasonable attorneys' fees and costs under Rule 45(d)(1) and Rule 37(a)(5).

I.  **INTRODUCTION AND BACKGROUND**

Mr. King is Chief Litigation Counsel at Brown & Brown, Inc. ("Brown & Brown"), a publicly traded company (NYSE: BRO) headquartered in Daytona Beach, Florida. Declaration of Mark King ("King Decl.") at ¶¶ 3, 4.[1] Brown & Brown is one of the largest insurance brokers in the nation, and in his role as Chief Litigation Counsel, Mr. King provides legal advice to Brown & Brown and its subsidiaries and affiliates regarding litigation avoidance, pre-litigation demands, and active litigation. *Id.* at ¶ 4. Mr. King is not involved in Brown & Brown's corporate, transactional, or regulatory legal work, except to the extent that such work leads to or otherwise relates to litigation matters. *Id.* at ¶¶ 5–6.

Allied World seeks deposition testimony from Mr. King in connection with a lawsuit filed in the Southern District of California by American Claims Management, Inc. ("ACM")—one of Brown & Brown's indirect subsidiaries—against its own professional-liability insurer, Allied World, Case No. 18-cv-925 JLS (MSB).[2] Declaration of William V. O'Connor ("O'Connor Decl.") at ¶¶ 2, 3, Ex. A.[3] ACM alleges that Allied World breached its duties to indemnify, defend, and handle in good faith a claim made against ACM by one of its customers, QBE—an insurance company for whom ACM provided claims handling services. *Id.* at ¶ 4, Ex.B. In 2017, an arbitration panel awarded QBE more than $18 million against ACM based on ACM's alleged mishandling of a claim relating to one of QBE's insureds. *Id.* Allied World disclaims any liability to ACM, and refuses to compensate ACM for the substantial damages ACM incurred as a result of Allied World's appointment and direction of incompetent counsel,

---

[1] Mr. King's Declaration is attached to this motion as Exhibit 1.
[2] ACM is a subsidiary of Arrowhead General Insurance Agency, Inc. ("Arrowhead"), which is a subsidiary of Brown & Brown. King Decl. at ¶ 8.
[3] Mr. O'Connor's Declaration is attached to this motion as Exhibit 2.

and its numerous failures to settle the underlying dispute within ACM's policy limits. *Id.* at ¶ 5, Ex. C.

Although Mr. King was copied on correspondence relating to the ACM-QBE dispute based on his role as Chief Litigation Counsel of ACM's parent company, Mr. King played no day-to-day role in the underlying litigation between ACM and QBE. King Decl. at ¶ 11. After the arbitration award in favor of QBE, however, Mr. King has since taken an active role in providing legal advice to ACM in its lawsuit against Allied World, including coordinating and overseeing the litigation strategy of ACM's outside counsel of record at Cooley LLP. *Id.* at ¶ 12.

Discovery in ACM's lawsuit against Allied World is ongoing. O'Connor Decl. at ¶¶ 2, 6, Ex. D. While both ACM and Allied World have noticed several depositions, to date no depositions have been taken, and fact discovery remains open through July 12, 2019. *Id.* at ¶¶ 2, 6. Recently, Allied World improperly served ACM with a deposition notice for Mr. King even though neither Mr. King nor Brown & Brown are parties to the lawsuit. *Id.* at ¶ 7, Ex. E. After ACM objected to Allied World's deposition notice, Allied World requested ACM accept service of a deposition subpoena for Mr. King. *Id.* at ¶ 3. Allied World's subpoena, dated April 9, 2019, seeks to compel Mr. King to testify at a deposition on April 19, 2019. *Id.*

Although Mr. King was away on business at the time Allied World issued its subpoena, he promptly retained the undersigned counsel on April 12, 2019, to respond to Allied World on his behalf, and the undersigned counsel accepted service of the subpoena on the same day. *Id.* Allied World has failed to provide Mr. King with adequate time to comply with the subpoena, noticing Mr. King's deposition just one week after completing service—a tactic calculated to harass Mr. King and disrupt ACM's own discovery preparations in the underlying litigation. Moreover, as set forth below, Allied World cannot meet the high bar necessary to depose an

opposing party's counsel: Allied World cannot demonstrate that no other means exist for obtaining the information it seeks from Mr. King, nor that any such information is relevant, non-privileged, and crucial to the preparation of Allied World's case. Accordingly, Allied World's subpoena should be quashed and/or a protective order entered, and Mr. King should be awarded his reasonable attorneys' fees and costs incurred in defending against this meritless request.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3) requires the court to quash or modify a subpoena that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Rule 26 similarly provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, [by] forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1).

A subpoenaing party is obligated to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* at 45(d)(1). If it does not, the court "must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees on a party or attorney who fails to comply." *Id.* The court must also award reasonable attorneys' fees where the subpoenaing party's actions necessitated a motion for a protective order. *See id.* at 26(c)(3) (incorporating Rule 37(a)(5) sanctions).

## III.   THE SUBPOENA MUST BE QUASHED AND/OR A PROTECTIVE ORDER ENTERED BECAUSE IT REQUIRES DISCLOSURE OF PRIVILEGED INFORMATION, IS HARASSING AND UNDULY BURDENSOME, AND FAILS TO ALLOW A REASONABLE TIME TO COMPLY

Allied World's attempt to depose Mr. King is patently improper. Mr. King actively advises ACM and oversees its pending lawsuit against Allied World, including by working closely with ACM's outside counsel of record on legal strategy and other issues. King Decl. at ¶ 12. Mr. King has virtually no non-privileged information to provide at a deposition, as Allied

World well knows. Instead, Allied World's subpoena is merely a litigation tactic, calculated to harass a high-ranking executive and lawyer of ACM's parent company and to distract from ACM's preparations for its upcoming expert reports and percipient witness depositions. Allied World cannot meet the high bar required to depose counsel in an ongoing matter and the subpoena fails to allow reasonable time for compliance. Therefore, the subpoena should be quashed, and Mr. King awarded his reasonable attorneys' fees. *See* Fed. R. Civ. P. 45(d)(1); *id.* at 37(a)(5).

### A. The Subpoena Requires Disclosure Of Privileged Information, And Is Harassing And Unduly Burdensome

Allied World's subpoena should be quashed and/or a protective order entered because Mr. King is unlikely to possess relevant, non-privileged information that could be elicited at deposition given his past and ongoing role as counsel to ACM in its litigation with QBE and with Allied World. King Decl. at ¶ 12. Allied World knows this, but is using the subpoena to harass Mr. King and strong-arm ACM. These hardball litigation tactics are unwarranted, and should not be countenanced.

A subpoena must be quashed where it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv); *see also id.* at 26(c)(1) (good cause showing, a court may forbid discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense"). "Generally, it is inappropriate to take the deposition of opposing counsel" because both the attorney-client and work product privileges are implicated. *Fletcher v. Great Am. Ins. Co.*, 2010 WL 11507643, at *2 (M.D. Fla. June 8, 2010); *Am. Fed'n of State, Cty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 479 (S.D. Fla. 2011). Depositions of counsel are also inappropriate because they "are an invitation to harass the attorney and the party, to

cause delay, and to disrupt the case." *LaJoie v. Pavcon, Inc.*, 1998 WL 526784, at *1 (M.D. Fla. June 24, 1998); *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., LLC*, 2008 WL 11395484, at *7 (M.D. Fla. Sept. 25, 2008).

As a result of these concerns, courts will allow deposition of an opposing party's attorney only "where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (internal citation omitted); *accord AFSCME Council 79*, 277 F.R.D. at 479; *Fletcher*, 2010 WL 11507643, at *2; *Utopia Provider Sys., Inc.*, 2008 WL 11395484, at *6–7; *LaJoie*, 1998 WL 526784, at *1. The subpoenaing party must also show that "the movant's needs outweigh the dangers of the deposing the party's attorney." *Finster v. U.S. Bank Nat'l Ass'n*, 2016 WL 11110214, at *2 (M.D. Fla. Oct. 31, 2016).

Allied World cannot demonstrate that Mr. King possesses relevant, non-privileged, non-duplicative information that is crucial to its preparation of the case against ACM. Allied World knows this, yet is determined to depose Mr. King—even though others at ACM, Arrowhead, and Brown & Brown were more involved in day-to-day supervision of the events giving rise to the underlying litigation, and Allied World has already subpoenaed ACM's litigation counsel from the QBE arbitration, Stephen Erigero.[4] O'Connor Decl. at ¶¶ 2, 10, Ex. H. ACM and Allied

---

[4] As one of Brown & Brown's senior executives, Allied World's attempt to depose Mr. King is also improper because "counsel ordinarily should not seek in the first instance to take the deposition of the organization's senior management if someone else in the organization can be expected to have more direct and firsthand knowledge or information." *See* Middle District Discovery (2015) at II(A)(6) ("Depositions are not properly used as a mechanism to inconvenience or distract senior management who may not be immediately involved in the dispute."); *see also Bradley v. Lorillard Tobacco Corp.*, 2014 WL 12628519, at *2 (M.D. Fla.

World also recently agreed to a deposition date for Robert Schraner, former General Counsel at Arrowhead, who Allied World knows was far more involved in the day-to-day handling of the underlying dispute than Mr. King. *See id.* ¶ 2. Further, while Allied World refuses to specify what critical information it can obtain only from Mr. King, Allied World is also seeking 30(b)(6) testimony from ACM on a wide range of topics which would likely render any testimony from Mr. King duplicative. *Id.* ¶ 9, Ex. G. If there is any non-duplicative information to be gained at all from Mr. King—there is not—Allied World certainly has not identified it.

Notwithstanding, Allied World is likely to contend that a large number of attorneys are being deposed in the litigation with ACM, and Mr. King should be treated no differently. That argument is a red-herring. The vast majority of attorneys being deposed in the ACM-Allied World litigation are precisely the types of attorneys involved in the day-to-day events underlying a bad faith case brought by an insured against its insurer: appointed counsel, defense counsel, coverage/monitoring counsel, and attorneys who happen to be performing a non-privileged claims-adjusting role. *Id.* at ¶ 2. Mr. King is none of these; rather, he is Chief Litigation Counsel for Brown & Brown, the ultimate parent company of ACM.[5] King Decl. at ¶¶ 3, 8. Moreover, unlike *all* of the attorneys that ACM and Allied World will be deposing, Mr. King *continues* to be actively involved in the parties' ongoing dispute. *Id.* at ¶ 12; O'Connor Decl. at ¶ 2. Indeed, Mr. King is no different in this regard than ACM's outside counsel of record at Cooley LLP or Allied World's outside counsel of record at Quinn Emanuel Urquhart & Sullivan,

---

June 25, 2014) (*citing Chick-Fil-A, Inc. v. CFT Dev., LLC,* 2009 WL 928226, at *1 (M.D. Fla. Apr. 3, 2009)).

[5] Mr. King certainly does not adjust or handle claims as those terms are used in the insurance industry. King Decl. at ¶ 4. Nor would Mr. King have any reason to adjust or handle any ACM claim as it relates to the underlying QBE dispute. As ACM's insurer, that was Allied World's job.

LLP—neither of which have been noticed for deposition by either party in the underlying litigation. *See id.*

Allied World cannot meet its heavy burden of showing that the information sought from Mr. King cannot be obtained elsewhere—let alone that it is relevant, non-privileged, crucial to the preparation of Allied World's case, and outweighs the dangers of deposing one of ACM's current attorneys. *See LaJoie*, 1998 WL 526784, at *1 (subpoenaing party bears the burden of "showing the propriety and the need for the deposition"); *Utopia Provider Sys., Inc.*, 2008 WL 11395484, at *6 (same) (citing *W. Peninsular Title Co. v. Palm Beach Cty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990)). Allied World's tactics are a thinly veiled attempt to harass Mr. King and disrupt the underlying litigation. The subpoena should be quashed and/or a protective order entered.

### B.     The Subpoena Does Not Allow A Reasonable Time To Comply

The subpoena should also be quashed and/or a protective order entered because it provides fewer than seven days for compliance from the date of service, even though discovery in the underlying matter does not close for several months and no depositions have been taken to date.

A subpoena must be quashed if it "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i); *see also id.* at 26(c)(1) (court may issue a protective order to protect from undue annoyance, oppression, undue burden, or expense). Although Rule 45 does not specify what constitutes a "reasonable" time for compliance, Local Rule 3.02 clarifies that a party seeking a deposition must provide at least 14 days' notice. *See* Local Rule 3.02 ("[A] party desiring to take the deposition of any person upon oral examination shall give at least fourteen (14) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party)."). And indeed, while 14 days is the minimum requirement, "giving substantially

more than fourteen days notice is strongly encouraged." Middle District Discovery (2015) at II(A)(1).

On April 12, 2019 the undersigned counsel accepted service of the subpoena, which unilaterally sets Mr. King's deposition for April 19, 2019 at 9:30 a.m., allowing Mr. King fewer than seven days for compliance even though discovery in the underlying matter does not close until July 12, 2019 and no depositions have been taken. O'Connor Decl. at ¶¶ 2–3, Ex. A. As set forth in the certification below, despite meeting and conferring on this issue, Allied World's counsel has refused to withdraw the subpoena. This court routinely quashes non-party subpoenas under similar circumstances. *See, e.g., Michel v. Creations By Chef Aaron, LLC*, 2016 WL 1244659, at *2 (M.D. Fla. Mar. 30, 2016) (quashing non-party subpoena under Local Rule 3.02 for providing fewer than 14 days' notice); *Yormak v. Yormak*, 2014 WL 7274004, at *1 (M.D. Fla. Dec. 19, 2014) (same, six days' notice).

Because the subpoena fails to allow a reasonable time to comply, it should be quashed and/or a protective order entered for this reason as well. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

IV.  **MR. KING IS ENTITLED TO REASONABLE ATTORNEYS' FEES INCURRED IN OPPOSING ALLIED WORLD'S UNREASONABLE AND HARASSING SUBPOENA**

The subpoena is plainly improper and harassing, and Mr. King should be awarded his reasonable attorneys' fees and costs incurred defending against it.

All parties and attorneys have a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court "must enforce this duty and impose an appropriate sanction," including reasonable attorneys' fees, where a party or attorney fails to comply. Fed. R. Civ. P. 45(d)(1). Similarly, under Rule 26, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated

the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See id.* at 26(c)(3).

Allied World's subpoena does not allow a reasonable time for compliance, would require the disclosure of privileged information, and is completely unwarranted as Mr. King currently serves as counsel to ACM in its dispute against Allied World and played no day-to-day role in the underlying litigation. King Decl. ¶¶ 11–12. To date, Allied World has refused to specify what information it is seeking, and why that information cannot be obtained from others, including ACM's litigation counsel from the QBE arbitration, Mr. Erigero, or some other source. O'Connor Decl. ¶ 2. As Brown & Brown's Chief Litigation Counsel, Mr. King will have little to no non-privileged information to contribute to this matter. These actions are unreasonable, and should result in sanctions. *See, e.g.*, *Narcoossee Acquisitions, LLC v. Kohl's Dep't Stores, Inc.*, 2014 WL 4279073, at *3 (M.D. Fla. Aug. 28, 2014) (awarding reasonable attorneys' fees and costs under Rules 26(c)(3), 37(a)(5), and 45(d)(1)); *Utopia Provider Sys., Inc.*, 2008 WL 11395484, at *7–8 (granting protective order prohibiting deposition of attorney and awarding fees and costs under Rule 26(c)).

## V. CONCLUSION

For the reasons set forth above, Mr. King respectfully requests that the Court quash the subpoena and/or enter a protective order and award the reasonable attorneys' fees and costs incurred in filing this motion and opposing the subpoena.

## LOCAL RULE 3.01(G) CERTIFICATION

I hereby certify that on April 15, 2019, the undersigned communicated with counsel for Allied World, in a good faith attempt to resolve the issues in this motion. A resolution was not reached as Counsel for Allied World opposes the relief requested herein, necessitating the filing

of this motion. However, Allied World has agreed to stay enforcement of the subpoena until after this motion is resolved.

Dated this 17th day of April, 2019.

Respectfully Submitted,

*/s/ Lawrence P. Ingram*
_____
Lawrence P. Ingram FBN: 855510
Melissa B. Murphy FBN: 70071
Freeborn & Peters LLP
201 North Franklin Street, Suite 3550
Tampa, FL 33602
Telephone: (813) 488-2920
Email: lingram@freeborn.com
       mmurphy@freeborn.com
       pgeer@freeborn.com
       mbennett@freeborn.com
*Counsel for Non-Party Mark E. King*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2019, a true and correct copy of the foregoing was sent via electronic mail to: Amar L. Thakur, Esq. Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017 (amarthakur@quinnemanuel.com); Jane M. Byrne, Esq., Guyon H. Knight, Esq., and Jonathan E. Feder, Esq., Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Ave., 22nd Floor, New York, NY 10010 (janebyrne@quinnemanuel.com; guyonknight@quinnemanuel.com; and jonathanfeder@quinnemanuel.com); and Dane Robert Voris, Esq., and William V. O'Connor, Jr., Esq., Cooley LLP, 4401 Eastgate Mall, San Diego, CA 92121.

*/s/ Lawrence P. Ingram*
_____