# UNITED STATES DISTRICT COURT, IN AND FOR
# THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (fka Darwin Select Insurance Company), <br><br> Defendant and Counterclaimant. | Civil Action No. 6:19-mc-00025 (CEM) (GJK) <br><br> Underlying Case Pending in the United States District Court for the Southern District of California <br><br> Civil Action No.: 18-cv-0925 (JLS) (MSB) |

## ALLIED WORLD'S REVISED UNOPPOSED MOTION TO SEAL
## AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Local Rule 1.09 and this Court's May 7, 2019 Order (Dkt. 15), Allied World Surplus Lines Insurance Company ("Allied World") respectfully requests leave to file under seal with the court an exhibit to and an unredacted version of Allied World's Opposition to Mark E. King's Motion to Quash (Dkt. No. 1) (the "Opposition"). Allied World previously filed a redacted version of its Opposition that omits any reference to the exhibit that Allied World seeks to file under seal (Dkt. 12).

## BACKGROUND

Allied World's publicly filed Opposition redacts references to the transcript and testimony of Peter Klee, whose deposition was taken in the underlying case pending in the Southern District of California. The protective order in that case allows for deposition transcripts to be designated as CONFIDENTIAL and, once so designated, they may only be filed

under seal. (Declaration of Jonathan E. Feder dated May 9, 2019 ("Feder Decl."), Ex. A at 5, ¶ 6.) ACM designated the deposition transcript of Peter Klee as Confidential under the terms of the Protective Order. (Feder Decl., Ex. B.) Allied World thus makes this request to file the deposition transcript of Peter Klee along with an unredacted version of its Opposition under seal.[1] In accordance with Standing Order 6-18-mc-22-orl-gjk, a log setting forth relevant information regarding the items sought to be filed under seal is attached hereto, with cross references the Declaration of Jonathan E. Feder setting forth the factual basis for sealing or redacting the items, is attached hereto as Exhibit "A."

## LEGAL STANDARD

In the Eleventh Circuit, the public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co., Inc.*, 480 F. 3d 1234, 1245 (11th Cir. 2007). This right, however, may be overcome by a showing of good cause, which requires "balancing the public interest in accessing court documents against a party's interest in keeping the information confidential." *Local Access, LLC v. Peerless Network, Inc.*, 2017 WL 3896407, at *2 (M.D. Fla. Sept. 6, 2017). Under Local Rule 1.09, a motion to seal must include: (1) the reason that filing each item is necessary; (2) the reasons that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal.

---

[1] The sealed version of Klee's transcript redacts portions of the transcript arguably covered by California's mediation privilege, Cal. Evid. Code § 1115 *et seq.*

# ARGUMENT

### A.   Peter Klee's Deposition Testimony Is Necessary To The Opposition

Allied World only requests sealing one document, the transcript of Peter Klee's deposition along with any references thereto. Allied World's Opposition is necessary in light of King's Motion to Quash Allied World's subpoena. Klee's testimony is directly relevant to King's Motion. Klee even directly addresses statements in the Declaration of Mark E. King in support of his Motion to Quash (Dkt. 2).

### B.   The Parties' Privacy Interests Outweigh The Common Law Right of Public Access To Court Records

As noted by the 11th Circuit in *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985), there is a presumptive common law right to inspect and copy judicial records. Nevertheless, the right to inspect and copy is not absolute, and may be curtailed where it interferes with the administration of justice. *See id.* at 1294. "The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (alteration omitted) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). Among the factors to be considered by a court in balancing these interests are (1) whether allowing access would impair court functions or harm legitimate private interests, (2) the degree of the likelihood of injury if made public, (3) whether the information concerns public officials or public concerns, and (4) the availability of a less onerous alternative to sealing the documents. *See id.* Where disclosure will cause a clearly defined and serious injury, a party's privacy or proprietary interests in information can overcome the interest of the public in accessing the information. *See id.* at 1245-46.

The Parties' "interests in the privacy of the information sought to be filed under seal outweighs the public right of access." *Local Access*, 2017 WL 2212786, at *2 (approving sealing of settlement discussions). Klee's testimony concerns communications made in connection with a private arbitration proceeding between QBE and ACM. By designating these materials confidential, ACM has determined that they are potentially prejudicial to its business or operations, or to privacy interests of third parties or non-parties. (Feder Decl. ¶ 7.) Pursuant to the terms of the parties' Protective Order in the Underlying Action, counsel for the parties and other persons receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. (*Id.* ¶ 8.) In addition, the parties are prohibited from disclosing confidential information to anyone other than the persons expressly identified in the Protective Order, and may not use this information for any reason other than litigating the Underlying Action. (*Id.*) Allied World and its counsel have only made Mr. Klee's deposition transcript available to persons authorized to access this material pursuant to the Protective Order. (*Id.* ¶ 9.)

Filing these documents under seal will not harm the public. Allowing access to the sealed exhibit and brief would harm the legitimate interests of the parties to the underlying arbitration, who agreed to submit their dispute to a private arbitration. The injury to those interests is not calculable, but may cause those parties—or others—to avoid efficient and private resolution of disputes through arbitration, in violation of the "liberal federal policy favoring arbitration agreements." *Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The information concerning the private arbitration and settlement discussions between QBE and ACM does not concern public officials or public concerns. (Feder Decl. ¶ 11.) And

Allied World is not aware of any less onerous alternative exists to sealing the transcript of Mr. Klee's deposition and references to that deposition in Allied World's brief.  (*Id.*)

      **C.**      **These Papers Should Be Sealed Until The Conclusion Of This Action And The Underlying Case**

Allied World requests that the papers be sealed until the conclusion of both this action and the Underlying Case and thereafter returned to the parties.

      **D.**      **There Is No Sufficient Alternative To Protecting Parties' Privacy And The Sealing Request Is Limited In Duration**

Absent depriving this Court of relevant and probative evidence, Allied World is unaware of a better way to protect the Parties' privacy while preserving each side's ability to present its best argument to this Court.  Where information does not related to public officials or public concerns, there is no less onerous alternative to sealing information that will insure its contents remain confidential while allowing the Court to review the information to make decisions on the merits of the parties' motions.  *Local Access*, 2017 WL 2212786, at *2 (citing *Romero*, 480 F.3d at 1246).

## CONCLUSION

For all of these reasons, pursuant to Local Rule 1.09, Allied World respectfully requests that the Court permit the filing of the exhibit identified in Paragraph 6 to the Declaration of Jonathan E. Feder under seal along with an unredacted copy of its Opposition.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, the undersigned counsel hereby certifies that counsel for Allied World has conferred with counsel for ACM and Mark E. King, and is authorized to represent that there is no opposition to the entry of an order granting this motion.

5

Dated: May 9, 2019

OF COUNSEL:

Jane M. Byrne
Guyon H. Knight
Jonathan E. Feder
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
janebyrne@quinnemanuel.com
guyonknight@quinnemanuel.com
jonathanfeder@quinnemanuel.com

Respectfully submitted,

By: */s/ Ronald M. Schirtzer*

Ronald M. Schirtzer
Florida State Bar No. 501662
WEINBERG, WHEELER, HUDGINS, GUNN
  & DIAL
255 South Orange Avenue, Suite 1260
Orlando, Florida 32801
Telephone: (407) 734-7000
rschirtzer@wwhgd.com

*Counsel for Defendant/Counterclaimant Allied World Surplus Lines Insurance Company*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 9th day of May, 2019, a true and correct copy of the foregoing document was filed using the Court's CM/ECF system, which will generate an electronic notice of filing to the parties registered to the Court's CM/ECF system.

                      /s/    Ronald M. Schirtzer

# EXHIBIT A

LOG OF PROPOSED SEALED DOCUMENTS

| Provider | Known and Believed Recipients | Date | Description | Subject Matter | Purpose for Communication | Confidentiality | Basis For Confidentiality |
|---|---|---|---|---|---|---|---|
| Peter Klee | Litigation counsel for ACM, Allied World, and Mark King; experts for ACM and Allied World; in-house counsel at ACM and its parent companies; in-house counsel at Allied World. (Feder Decl. ¶¶ 9-10.) | 4/23/2019 | Transcript of deposition of Peter Klee, pages 53:1-55:25, 119:20-123:11. | Arbitration between ACM and QBE | Deposition | Confidential, pursuant to the parties' Protective Order in the Underlying Action. (Feder Decl. ¶ 8.) | ACM has determined that the Klee deposition transcript are potentially prejudicial to its business or operations, or to privacy interests of third parties or non-parties. (Feder Decl. ¶ 7.) |
| Ronald M. Schirtzer | Litigation counsel for ACM, Allied World, and Mark King; in-house counsel at ACM and its parent companies; in-house counsel at Allied World. (Feder Decl. ¶¶ 9-10.) | 5/1/2019 | Unredacted Opposition to Mark E. King's Motion to Quash and Incorporated Memorandum of Law, pages 2, 3, 9, 12, 14, 16 | Motion to Quash Subpoena for Deposition filed by Mark E. King (Dkt. 1) | Opposition Brief filed by Allied World | Redacted from public filing; Confidential, pursuant to the parties' Protective Order in the Underlying Action. (Feder Decl. ¶ 8.) | ACM has determined that the Klee deposition transcript, which is referenced in Allied World's brief, are potentially prejudicial to its business or operations, or to privacy interests of third parties or non-parties. (Feder Decl. ¶ 7.) |