## UNITED STATES DISTRICT COURT, IN AND FOR
## THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (fka Darwin Select Insurance Company),<br><br>    Defendant and Counterclaimant. | Misc. Action No. 6:19-MC-00025-CEM-GJK<br><br>Underlying Case Pending in the United States District Court for the Southern District of California<br><br>Case No. 18-cv-0925 JLS (MSB) |

### DECLARATION OF JONATHAN E. FEDER

I, Jonathan E. Feder, hereby declare as follows:

1.    I am over eighteen years of age and competent to make this declaration.

2.    I have personal knowledge of all facts set forth herein and would testify to the same if called upon to do so.

3.    I am an Associate with the New York office of Quinn Emanuel Urquhart & Sullivan, LLP located at 51 Madison Ave., 22nd Floor, New York, NY 10010.

4.    Attached hereto as Exhibit A is a true and correct copy of the Order Granting Joint Motion for Protective Order entered by the court as Docket No. 38 in the Underlying Case pending in the Southern District of California (18-cv-0925).

5.    Attached hereto as Exhibit B is a true and correct copy of an April 26, 2019 letter from counsel for ACM in the Underlying Case Dane Voris to counsel for Allied World in the Underlying Case Guyon Knight.

6.     Allied World seeks to file under seal a true and correct copy of excerpted pages from the final transcript of the April 23, 2019 deposition of Peter Klee in the Underlying Case. Portions of the excerpted pages have been redacted by agreement of the parties to protect potentially privileged information.  A true and correct copy of that document would be filed with leave of court as Exhibit C to this Declaration.

7.     By designating the Klee transcript confidential, ACM has determined that this transcript is potentially prejudicial to its business or operations, or to privacy interests of third parties or non-parties.

8.     Pursuant to the terms of the parties' Protective Order in the Underlying Action, counsel for the parties and other persons receiving confidential  information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. In addition, the parties are prohibited from disclosing confidential information to anyone other than the persons expressly identified in the Protective Order, and may not use this information for any reason other than litigating the Underlying Action.  Allied World and its counsel have only made Mr. Klee's deposition transcript available to persons authorized to access this material pursuant to the Protective Order.

9.     The transcript of the Klee deposition has been provided to litigation counsel for ACM, Allied World, and Mark King; Allied World's in-house counsel; and Allied World's litigation expert.  The unredacted opposition brief has been provided to litigation counsel for ACM, Allied World, and Mark King, and Allied World's in-house counsel.

10.     Upon information and belief, the transcript of the Klee deposition has been provided to experts for ACM and in-house counsel at ACM and its parent companies.  Upon

information and belief, the unredacted opposition brief has been provided to in-house counsel at ACM and its parent companies.

11.     Allied World is not aware of any less onerous existing alternative to sealing the transcript of Mr. Klee's deposition and references to that deposition in Allied World's brief. Information in this transcript concerning the private arbitration and settlement discussions between QBE and ACM does not concern public officials or public concerns.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.  This declaration was executed on May 9, 2019 in New York, NY.

Jonathan E. Feder

# EXHIBIT A

1
2
3
4
5
6
7



8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11  AMERICAN CLAIMS MANAGEMENT, INC.,        Case No.: 18cv925-JLS(MSB)

12                              Plaintiff,
                                             **ORDER GRANTING JOINT MOTION FOR**
13  v.                                       **ENTRY OF PROTECTIVE ORDER**
                                             **[ECF NO. 36]**
14  ALLIED WORLD SURPLUS LINES
    INSURANCE COMPANY (f/k/a Darwin
15  Select Insurance Company),

16                              Defendant.

17  ————————————————————————

18  AND RELATED COUNTERCLAIMS

19

20          On December 17, 2018, the parties filed a joint motion asking the Court to enter

21  their Protective Order [ECF No. 36].  The Court has considered the Stipulated Protective

22  Order and, for good cause shown, **GRANTS** the joint motion and enters the Protective

23  Order attached as Exhibit 1 to this Order.

24          **IT IS SO ORDERED.**

25  Dated:  December 18, 2018

26

27                                          Honorable Michael S. Berg
                                            United States Magistrate Judge
28

                                      1

**EXHIBIT 1**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

AMERICAN CLAIMS MANAGEMENT,
INC.,

    Plaintiff and Counterclaim-Defendant,

v.

ALLIED WORLD SURPLUS LINES
INSURANCE COMPANY (f/k/a Darwin
Select Insurance Company),

    Defendant and Counterclaimant.

Case No.:  18cv925-JLS(MSB)

**PROTECTIVE ORDER**

    The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

    The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1.     The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.     The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.     The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of outside counsel of record, along with in-house attorneys of the parties who are actually engaged in assisting in the preparation of this action for trial or other proceedings herein.

## GENERAL RULES

4.     Each party or non-party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes is "confidential information" and should be subject to this Order may designate the same as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be

2

potentially prejudicial to the business or operations of such party, or to privacy interests of third parties or non-parties (including agents or employees of the parties).

5.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6.    Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a.   The deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings. A party will have until 14 days after receipt of the final transcript of the deposition to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

b.   The disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter and videographer, and one party representative.

c.   The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and

3

1   protected from being opened except by order of this Court.

2      7.   All confidential information designated as "CONFIDENTIAL" must not be

3   disclosed by the receiving party to anyone other than those persons designated within this

4   Order and must be handled in the manner set forth below and, in any event, must not be

5   used for any purpose other than in connection with this litigation, unless and until such

6   designation is removed either by agreement of the parties, or by order of the Court.

7      8.   Information designated as "CONFIDENTIAL" must be viewed only by:

8         a. counsel (as defined in paragraph 3) of the receiving party;

9         b. independent experts (provided that such experts first execute the form

10           attached hereto as Exhibit A);

11        c. court personnel;

12        d. executives who are required to participate in the litigation or resolution of this

13           action;

14        e. any person indicated on the face of the document to be its originator, author,

15           or a recipient of a copy of the document;

16        f. technical personnel, contract document reviewers, jury consultants, or mock

17           jurors retained by or on behalf of the parties or their counsel (as defined in

18           paragraph 3) whom counsel find it necessary to retain, in the discretion of

19           such counsel, in preparation for trial of this action, and who are subject to

20           obligations of confidentiality;

21        g. stenographic, videographic, and clerical employees associated with the

22           individuals identified above; and

23        h. any other person agreed to in writing by the disclosing party.

24     9.   No document may be filed under seal, except pursuant to a court order that

25   authorizes the sealing of a particular document, or a portion of the document. A sealing

26   order may issue only upon a showing that the information is privileged or protectable under

27   the law. The request must be narrowly tailored to seek sealing only of the confidential or

28   privileged material. To file a document under seal, the parties must comply with the

4

procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, a party must file a redacted version of any document that it seeks to file under seal. The document must be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

10. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the disclosing party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within 7 days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the disclosing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

11. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

12. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

5

13.    If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the disclosing party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the disclosing party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the disclosing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

14.    Federal Rule of Evidence 502(d) Order.

    a.    This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if the disclosing party discloses information in connection with the pending litigation that the disclosing party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the disclosing party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

    b.    A disclosing party must notify the party receiving the protected information, in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Within 7 days of receiving such notification, the receiving party must (i) notify the disclosing party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information, including any summaries thereof, and any reasonably accessible copies it has, and (ii) agree that it will cease further review, dissemination, and use of the Protected

6

Information, pending resolution of any dispute in accordance with subparagraphs 14(c) and 14(d) below. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the receiving party must promptly take steps to delete or sequester the restored protected information.

c. If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within 14 days of receipt of the notice of disclosure—meet and confer with the producing party to discuss the disputed claim of attorney-client privilege or work product in accordance with the Chambers Rules of the Honorable Michael S. Berg or any other Magistrate Judge subsequently assigned to this case.

d. If the parties are unable to reach a resolution regarding the claim of attorney-client privilege or work product protection, the receiving party may move the Court for an order compelling disclosure of the information claimed as unprotected ("Disclosure Motion") in accordance with the Chambers Rules of the Honorable Michael S. Berg or any other Magistrate Judge subsequently assigned to this case. The Disclosure Motion must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the receiving party must not use the challenged information in any way or disclose it to any person other than those required by law.

e. This Order is intended to confer the maximum protection available under Rule 502(d) of the Federal Rules of Evidence. The parties will not conduct an inquiry into the factors listed in Federal Rule of Evidence 502(b) in determining the protected status of any Protected Information. The production of Protected Information, whether or not inadvertent, shall in no event constitute a waiver of the privilege or protection with respect to persons or

entities other than the parties to this action.

   f.   The parties may stipulate to extend the time periods set forth in subparagraphs 14(b) and (c), above.

   g.   The disclosing party retains the burden—upon challenge pursuant to subparagraphs 14(c) and 14(d), above—of establishing the privileged or protected nature of the Protected Information.

   h.   Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

   i.   Nothing in this Order precludes a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule of Evidence 502(a) apply when the disclosing party uses or indicates that it may use information produced under this Order to support a claim or defense.

15.   Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is irrelevant, protected as privileged or as attorney work product, or on any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

16.   Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed, except in conformity with this Order.

17.   If a receiving party is called upon to produce confidential information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the receiving party from which the confidential information is sought shall (a) give written notice by email to counsel for the disclosing party within 7 days of receipt of such order, subpoena, or direction, and (b) give the disclosing party 7 days to object to the production of such confidential information, if the disclosing party so

desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

18.     Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, destroy or return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

19.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the disclosing party. Prior knowledge must be established by pre-production documentation.

20.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

/ / /

21. The restrictions and obligations within this Order will not be deemed to prohibit or restrict a party's ability to use and disclose its own confidential information as it chooses. Such disclosure shall not waive the protections of this Order and shall not entitle the other party or non-parties to disclose such materials other than as expressly provided in this Order.

22. Transmission by email is acceptable for all notification purposes within this Order.

23. This Order may be modified by agreement of the parties, subject to approval by the Court.

24. The Court may modify the protective order in the interests of justice or for public policy reasons on its own initiative. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Dated:    December 18, 2018        COOLEY LLP

By: _s/ William V. O'Connor_
    William V. O'Connor (216650)

Attorneys for Plaintiff and Counterclaim-Defendant AMERICAN CLAIMS MANAGEMENT, INC.

Dated:    December 18, 2018        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _s/ Amar L. Thakur_
    Amar L. Thakur (194025)

Attorneys for Defendant and Counterclaimant ALLIED WORLD SURPLUS LINES INSURANCE COMPANY

**CERTIFICATION REGARDING ELECTRONIC SIGNATURES**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedure Manual, I hereby certify that the content of this document is acceptable to counsel for Allied World Surplus Lines Insurance Company, and that I have obtained his authorization to affix his electronic signature to this document.

By:    *s/ William V. O'Connor*
         William V. O'Connor (216650)

**IT IS SO ORDERED.**

Dated: December 18, 2018

Honorable Michael S. Berg
United States Magistrate Judge

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

12  AMERICAN CLAIMS MANAGEMENT, INC.,
13
              Plaintiff and Counterclaim-Defendant,
14
    v.
15
16  ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (f/k/a Darwin Select Insurance Company),
17
18            Defendant and Counterclaimant.
19

Case No.: 18cv925-JLS(MSB)

**EXHIBIT A TO PROTECTIVE ORDER**

20        I, _____, declare as follows:

21        1.     My address is _____. My present employer is

22  _____ and the address of my present employment is

23  _____. My present occupation is _____.

24        2.     I have received a copy of the Protective Order in this action. I have carefully

25  read and understand the provisions of the Protective Order.

26        3.     I will comply with all of the provisions of the Protective Order. I will hold in

27  confidence, will not disclose to anyone not qualified under the Protective Order, and will

28  use only for purposes of this action, any "CONFIDENTIAL" material, including the

1

substance and any copy, summary, abstract, excerpt, index, or description of such material, that is disclosed to me.

     4.     I will return all "CONFIDENTIAL" material that comes into my possession, and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material.

     5.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____          _____

Date                                        Signature

# EXHIBIT B



William V. O'Connor                                                                                              Via Email
+1 858 550 6002
woconnor@cooley.com


April 26, 2019


Guyon Knight
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave., 22nd Floor
New York, NY 100010

**Re:  *American Claims Management, Inc. v. Allied World Surplus Lines Insurance Co.*,
   Case No. 18-cv-0925 JLS MSB**

Dear Guyon:

ACM hereby designates the entirety of the deposition testimony of Peter Klee as "CONFIDENTIAL." In accordance with section 6(a) of the Protective Order (ECF No. 38), ACM reserves its right to designate specific portions of the final deposition transcript, as appropriate.

During his deposition Mr. Klee offered testimony regarding oral communications made during the course of a mediation held in or around June 2016, involving ACM, QBE, Allied World, and other non-party participants. We wish to remind you that "[n]o evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery," and that such communications must remain confidential. Cal. Evid. Code § 1119. Indeed, mediation communications are admissible only upon the express written agreement of all participants. *Id.* at § 1122.

Mr. Klee's testimony notwithstanding, ACM, Brown & Brown, and Mr. King have not expressly agreed to disclose communications made during the course of the above-referenced mediation. *See, e.g., Simmons v. Ghaderi*, 44 Cal. 4th 570, 585–88 (2008) (no implied waiver exception based on litigation conduct). Nor, to ACM's knowledge, have any of the other mediation participants given their express written consent. *See, e.g., Silicon Storage Tech., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2015 WL 5168696, at *7 (N.D. Cal. Sept. 3, 2015) (express waiver ineffective where other mediation participants did not expressly agree to disclosure in writing).

As Mr. Klee's deposition transcript has been designated as confidential, and neither ACM nor the other mediation participants have expressly waived confidentiality in writing, we expect that Allied World will govern itself accordingly and refrain from improperly offering into evidence Mr. Klee's testimony regarding confidential mediation communications in this or any other litigation, whether it be at trial or for any other purpose, including the pending motion in the Middle District of Florida or any other motions or filings in the Southern District of California.

Sincerely,

William V. O'Connor