# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMERICAN CLAIMS MANAGEMENT, INC.,**

    **Plaintiff,**

v.                                      Case No: 6:19-mc-25-Orl-41GJK

**ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (f/k/a Darwin Select Insurance Company,**

    **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **ALLIED WORLD'S REVISED UNOPPOSED MOTION TO SEAL AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 16)** |
| **FILED:** | **May 9, 2019** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND.

On April 17, 2019, Mark E. King ("King") filed Motion to Quash Non-Party Deposition Subpoena and/or Motion for Protective Order and Incorporated Memorandum of Law (the "Motion"). Doc. No. 1. King seeks to quash the subpoena for his deposition served by Defendant because it requires disclosure of privileged information, is harassing and unduly burdensome, and fails to allow a reasonable time to comply. Doc. No. 1. King is Chief Litigation Counsel at Brown & Brown, an insurance broker, and Defendant seeks to depose him

regarding a lawsuit filed in the Southern District of California by Plaintiff, one of Brown & Brown's indirect subsidiaries, against Defendant. Doc. No. 1. Plaintiff's claim against Defendant presents coverage and duty to defend issues arising out of an underlying claim against Plaintiff by one of its insureds which resulted in an $18 million arbitration award against Plaintiff. Doc. No. 1 at 2-3, 8-10.

The enforcement of the subpoena was stayed pending resolution of the Motion. Doc. No. 6. On May 1, 2019, Defendant filed a Memorandum in Opposition to the Motion (the "Response"). Doc. No. 12.[1] On May 1, 2019, Defendant also filed a motion for leave to file the deposition transcript of Peter Klee and an unredacted Response under seal. Doc. No. 13. Defendant's motion was denied without prejudice to Defendant filing a renewed motion that complied with this Court's standing order on filing documents under seal. Doc. No. 15.

On May 9, 2019, Defendant filed a Revised Unopposed Motion to Seal and Incorporated Memorandum of Law ("Motion to Seal"). Doc. No. 16. The Motion to Seal requests that this Court permit the filing of Peter Klee's deposition transcript and an unredacted copy of the Response under seal. Doc. No. 16. The Motion to Seal is unopposed. Doc. No. 16 at 5.

Defendant argues that this information should be sealed because it is confidential information from a private arbitration and mediation that is not subject to public disclosure and does not involve public officials or concerns. Doc. No. 16 at 2, 4, Doc. No. 16-1 at 2-3, 21. Defendant notes that the District Court in California has recognized the sensitive nature of many of the documents in the underlying case there, and has issued a protective order which would encompass Peter Klee's deposition testimony as Plaintiff has identified it as confidential. Doc. No. 16-1 at 5-19. Pursuant to the California court's order, once deemed confidential, the

---

[1] The Response was partially redacted to protect confidential information. *Id.*

deposition transcript must be filed under seal.[2] Doc. No. 16-1 at 5. Defendant's counsel filed an affidavit in support of the Motion to Seal stating that the information in the deposition concerns private mediation and settlement discussions between Plaintiff and other parties and would be prejudicial to those parties if made public. Doc. No. 16-1 at 2-3.

Defendant argues the deposition testimony is necessary to directly refute the Motion and supporting statements made in King's declaration. Doc. No. 16 at 3. Defendant argues there is no less onerous way to protect the parties' privacy or proprietary interests. Doc. No. 16 at 3-4, 5. Defendant argues there will be no harm to the public in sealing this deposition. Doc. No. 16 at 4. Defendant asks that the papers be sealed until the conclusion of this action and thereafter returned to the parties. Doc. No. 16 at 5.

## II. APPLICABLE LAW.

### A. Local Rule 1.09.

Local Rule 1.09 governs the filing of documents under seal with the Court. Specifically, Local Rule 1.09(a) governs situations where the requested seal is not authorized by "statute, rule, or order," and states:

> a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. . . . Every order sealing any item

---

[2] The Protective Order contemplates that the party seeking to file a confidential document will have to demonstrate that it is proper to seal the document. Doc. No. 16-1 at 9-10.

pursuant this section shall state the particular reason the seal is required.

Unless good cause is shown, no order sealing any document may extend longer than one year. Local Rule 1.09(c).

### B. The Eleventh Circuit's Standard for Filing Records Under Seal.

In addition to Local Rule 1.09, the Eleventh Circuit recognizes that there is a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law right of access "is instrumental in securing the integrity of the [judicial] process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right is not absolute, and, where it does apply, it "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). The Eleventh Circuit held:

> "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." [*Chicago Tribune Co.*, 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* While a party's privacy or proprietary interest in information may outweigh the public's common law right of access, parties do not have the right to agree on what judicial records should be sealed. *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985). The Court "must keep in mind the rights of a third party– the public, 'if the public is to appreciate fully the often

significant events at issue in public litigation and the workings of the legal system.'" *Id*. (quoting *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

## III.  ANALYSIS.

Defendant seeks to file the deposition of Peter Klee, and an unredacted copy of the Response referencing that deposition, under seal.  Doc. No. 16.  Defendant offers the affidavit of its counsel and the order issued by the District Court in California to support its contention that the information it seeks to file under seal is to be maintained in a confidential manner and that the parties would be harmed if the information was publicly disclosed. Doc. No. 16-1.  Defendant must rely on this deposition to oppose the declaration filed in support of the Motion.  Doc. No. 16.

After reviewing Defendant's Motion to Seal, the affidavit of Jonathan E. Feder, Esq., and the order of the District Court of the Southern District of California, the Court finds that Defendant demonstrates good cause for filing the deposition of Peter Klee under seal. Doc. Nos. 16, 16-1. Klee's deposition testimony relates to private mediation and settlement negotiations. Doc. No. 16-1 at 2-3, 21.  Plaintiff designated this deposition confidential pursuant to the Southern District of California Court's protective order.  Doc. No. 16-1 at 21.  Defendant seeks to file the deposition under seal to directly address issues raised in the Motion and King does not oppose the Motion to Seal.  Doc. No. 16.

Allowing access to the deposition would not impair court functions, but it would harm Plaintiff's and other parties' legitimate privacy interests by invading the confidential nature of settlement negotiations between the parties.  The information contained in the Motion does not address public officials or public concerns.  Sealing the deposition and the related unredacted Response is the least onerous alternative.  Thus, after balancing the public interest in accessing

- 5 -

court documents with the parties' interest in keeping the information confidential by weighing the factors above, in this specific situation, the parties' interest outweighs the public's interest, and good cause exists to permit Defendant to file the deposition and unredacted Response under seal. The sealed filings shall be sealed for one year from the date of this Order.

**IV. CONCLUSION.**

Accordingly, it is **ORDERED** as follows:

1. The Motion (Doc. No. 16) is **GRANTED in part**;

2. Having filed a redacted copy of the Response, Defendant shall now file an unredacted copy of the Response along with the deposition of Peter Klee, which the Clerk shall accept under seal for the Court's review;

3. The duration of the seal shall be for one year from the date of this order or until further order of this Court;[3] and

4. The remainder of the Motion is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida, on May 21, 2019.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] This Order does not seal or permit redaction of documents admitted into evidence at trial, as those issues are more appropriately reserved for the judge presiding over the trial.