**EXHIBIT N**

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Amar L. Thakur (SBN 194025)
amarthakur@quinnemanuel.com
5095 Rancho Quinta Bend
San Diego, CA 92130
Tel: (213) 443-3000
Fax: (213) 443-3100

Jane M. Byrne (NY 2266443)
janebyrne@quinnemanuel.com
Guyon H. Knight (NY 5003108)
guyonknight@quinnemanuel.com
Jonathan E. Feder (NY 5409172)
jonathanfeder@quinnemanuel.com
51 Madison Ave., 22nd Fl.
New York, NY 10010
Tel.: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Defendant and Counterclaimant*
*Allied World Surplus Lines Insurance Company*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (f/k/a Darwin Select Insurance Company), <br><br> Defendant and Counterclaimant. | Case No. 18-CV-0925 JLS (MDD) <br><br> **NOTICE OF SUBPOENA** |

| | |
|---|---|
| 1 | Pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Allied World Surplus Lines Insurance Company hereby gives notice that it intends to serve the attached subpoena on QBE Insurance Corporation |

DATED: October 18, 2018

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Amar Thakur*
   Amar L. Thakur
   Attorneys for Defendant and Counterclaimant Allied World Surplus Lines Insurance Company

## **CERTIFICATE OF SERVICE**

I, Jonathan E. Feder, an attorney for Defendant and Counterclaimant Allied World Surplus Lines Insurance Company, hereby certify that on this 18th day of October, 2018, a copy of the foregoing **Notice of Subpoena** was served via email, on the following:

>William V. O'Connor
>Dane R. Voris
>Markie B. Jorgensen
>COOLEY LLP
>4401 Eastgate Mall
>San Diego, CA 92121
>woconnor@cooley.com
>dvoris@cooley.com
>mjorgensen@cooley.com

*/s/ Jonathan E. Feder*
Jonathan E. Feder

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| American Claims Management, Inc. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 18-cv-0925 JLD (MDD) |
| Allied World Surplus Lines Insurance Company (fka Darwin Select Ins. Co.) ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  QBE Insurance Corporation
Wall Street Plaza, 88 Pine Street - 16th Floor, New York, NY 10005-1801

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Exhibit A, attached.

| Place: Quinn Emanuel Urquhart & Sullivan, LLP c/o Jonathan Feder, 51 Madison Avenue, 22nd Floor New York, NY 10010 | Date and Time: November 9, 2018 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/18/2018

| | |
|---|---|
| _____ | /s/ Amar L. Thakur |
| *Signature of Clerk or Deputy Clerk*    OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Allied World Surplus Lines Insurance Co.                          , who issues or requests this subpoena, are:
Amar Thakur, 865 S. Figueroa St., Los Angeles, CA 90017, (213) 443-3000, amarthakur@quinnemanuel.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-0925 JLD (MDD)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A
## DEFINITIONS

1. "ACM" means American Claims Management, Inc., and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, predecessors, affiliates, parents, subsidiaries, assigns, and any other entities or persons acting or purporting to act on its behalf.

2. "Allied World" means Allied World Surplus Lines Insurance Company, and any of its members, employees, representatives, officers, directors, managers, agents, attorneys, predecessors (including Darwin Select Insurance Company), affiliates, parents, subsidiaries, assigns, and any other entities or persons acting or purporting to act on its behalf.

3. "Arbitration" means JAMS arbitration number A215469-24 styled as *QBE Insurance Corporation v. American Claims Management Inc.*

4. "Assignment" means the purported assignments of rights from Cortes to QBE signed by Cortes on or about August 13 and 26, 2014, both individually and collectively.

5. "Award" means the Final Award issued in the Arbitration on or about July 24, 2017.

6. "Cardona Claim" means any and all claims, requests, or demands, including for indemnification or bad faith, relating to a Personal Auto Policy with Policy Number 0703569609-0 issued to Cortes by QBE, and arising out of a automobile collision between Cortes and the Cardonas on or about February 6, 2011.

7. "Cardona Litigation" means the lawsuit filed on or about November 30, 2012 in the Superior Court of the State of California, Los Angeles County, and styled *Jose Cardona, Irene Cardona, and Eduardo Cardona v. Galdino Navarro Cortes*, No. MC023925.

8.     "Cardonas" means Jose Cardona, Irene Cardona, Eduardo Cardona, and Sandro Cardona, and any of their employees, representatives, agents, attorneys (including the law firm of R. Rex Parris), assigns, and any other entities or persons acting or purporting to act on its behalf, both individually and collectively.

9.     "Claims Contract" means the Claims Management Agreement between QBE Insurance Corporation and Arrow Claims Management, Inc. dated January 1, 1999.

10.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means or media.

11.    "Cortes" means Galdino Navarro Cortes, and any of his employees, representatives, agents, attorneys, assigns, and any other entities or persons acting or purporting to act on his behalf.

12.    "Cortes Litigation" means the lawsuit filed on or about July 14, 2015 in the Superior Court of the State of California, Los Angeles County, and styled *Jose Cardona, Irene Cardona, and Eduardo Cardona v. QBE Insurance Corp. and Galdino Navarro Cortes*, No. MC025599, and including the Cross-Complaint filed on or about September 3, 2015, and styled *Galdino Navarro Cortes, Amparo Cortes, and Galdino Cortes, Jr. v. QBE Insurance Corp*.

13.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

14.    "Jampol" means Alan Jampol and any of his firms, partners, counsel, associates, employees, representatives, agents, attorneys, assigns, and any other entities or persons acting or purporting to act on his behalf.

15.    "Judgment" means the judgment entered against you on or about November 13, 2017, in the action filed in the Superior Court of the State of

California, San Diego County, styled *QBE Insurance Corp. v. American Claims Management, Inc.*, No. 37-2017-00031574-CU-PA-CTL.

16. "Person" means any natural person or any legal entity, including any business or governmental entity or association.

17. "You" and "your" refer to QBE Insurance Corporation, and any of its members, employees, representatives, officers, directors, managers, agents, attorneys (including Tressler, LLP; Knapp, Petersen & Clarke, P.C.; Wilson Elser Moskowitz Edelman & Dicker LLP; and Hardiman & Carroll), predecessors, affiliates, parents, subsidiaries, assigns, and any other entities or persons acting or purporting to act on its behalf.

18. The singular includes the plural and vice versa, except as the context may otherwise require; reference to any gender includes the other gender; the words "and" and "or" shall be construed as either conjunctive or disjunctive in such manner as will broaden as widely as possible the scope of any interrogatory; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including but not limited to"; the words "concerning," "regarding," and/or "relating to" mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, regarding, controverting, contradicting, made in connection with or by reason of, or derived or arising therefrom.

**INSTRUCTIONS**

1. Unless otherwise indicated, the documents requested to be inspected and copied include all documents in your possession, custody, or control. Without limitation of the terms "possession, custody, or control" as used in the preceding sentence, a document is in your possession, custody, or control if you have actual possession or custody or the right to obtain the document or a copy thereof upon demand from one or more of your employers, prospective employers, employees,

representatives, companies, relatives, friends, agents, nominees, independent contractors, consultants, attorneys, or any other person or public or private entity that has actual physical possession thereof.

2. As the term "possession" relates to e-mail, the term includes, but is not limited to, e-mail contained in your electronic e-mail directories, including: (a) "deleted" e-mails which have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" e-mails, including all subdirectories irrespective of the title of such subdirectories; (c) "received" e-mails, including all subdirectories irrespective of the title of such subdirectories; and (d) e-mails contained in any personal account you maintain.

3. With respect to the documents produced, you shall produce them as they are normally kept by you.

4. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

5. File folders with tabs or labels or directories of files identifying documents must be produced intact with such documents.

6. Documents attached to each other shall not be separated.

7. Each request seeks production of each document in its entirety, without abbreviation or redaction, including all attachments, transmittal sheets, notes, cover letters, exhibits, appendices, enclosures, and all drafts and non-identical copies of each document. Documents not otherwise responsive to a request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such documents include e-mail attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents. In the case of e-mail attachments, if either the e-mail or any of its attachments is responsive, produce the e-mail and all of the corresponding attachments.

8. A document with handwritten, typewritten, or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions, or deletions. The term "original" includes the file copy or copies of any document if there is no actual original or ribbon copy.

9. If you withhold any document requested herein on the basis of any assertion of privilege or other immunity from discovery, you must provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A).

10. If your response to a particular request is a statement that you lack the ability to comply with that request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

11. The fact that a document is produced by another party does not relieve you of the obligation to produce their copy of the same document, even if the two documents are identical.

12. These requests shall be deemed continuing so as to require further and supplemental responses by you in the event that you obtain or discover additional information after the time of your initial response.

13. Each request shall be construed independently, and no request shall be viewed as limiting the scope of any other request.

14. Unless otherwise stated in a specific request, these requests seek responsive information and documents authored, generated, disseminated, drafted, produced, reproduced, or otherwise created or distributed or relating to the period January 1, 2010 through the present.

## REQUESTS FOR PRODUCTION

1. All Documents and Communications exchanged between you and ACM concerning the negotiation or execution of the Claims Contract.

2. All Communications between you and Cortes.

3. All Communications between you and the Cardonas.

4. All Documents and Communications concerning the Cardona Claim, Cardona Litigation, Cortes Litigation, Arbitration, or Judgment.

5. All Documents and Communications concerning any settlement offers or demands made or contemplated by you, the Cardonas, Cortes, or ACM in connection with the Cardona Claim, Cardona Litigation, Cortes Litigation, or Arbitration.

6. All Communications between you and Jampol.

7. All Documents and Communications concerning the Assignment.