UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMERICAN CLAIMS MANAGEMENT,
INC.,

      **Plaintiff,**

v.                                       Case No:  6:19-mc-25-Orl-41GJK

ALLIED WORLD SURPLUS LINES
INSURANCE COMPANY (f/k/a Darwin
Select Insurance Company,

      **Defendant.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMERICAN CLAIMS MANAGEMENT, INC.'S UNOPPOSED MOTION TO WITHDRAW DOCUMENT AND MOTION TO SEAL (Doc. No. 23)** |
| **FILED:** | **June 3, 2019** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I. BACKGROUND.

On April 17, 2019, Mark E. King ("King") filed a Motion to Quash Non-Party Deposition Subpoena and/or Motion for Protective Order and Incorporated Memorandum of Law (the "Motion"). Doc. No. 1. King seeks to quash the subpoena for his deposition served by Defendant because it requires disclosure of privileged information, is harassing and unduly burdensome, and fails to allow a reasonable time to comply. Doc. No. 1. King is Chief Litigation Counsel at Brown & Brown, an insurance broker, and Defendant seeks to depose him regarding a lawsuit filed in the Southern District of California by Plaintiff, one of Brown &

Brown's indirect subsidiaries, against Defendant. Doc. No. 1. Plaintiff's claim against Defendant presents coverage and duty to defend issues arising out of an underlying claim against Plaintiff by one of its insureds which resulted in an $18 million arbitration award against Plaintiff. Doc. No. 1 at 2-3, 8-10. The enforcement of the subpoena was stayed pending resolution of the Motion. Doc. No. 6.

On May 1, 2019, Defendant filed a Memorandum in Opposition to the Motion (the "Response"). Doc. No. 12. On May 31, 2019, King filed a Reply to the Response and the Supplemental Declaration of William O'Connor ("Supplemental Declaration"). Doc. Nos. 21, 22. An excerpt of the deposition of Kimberly Ashmore, Defendant's former coverage counsel, was attached to the Supplemental Declaration as an exhibit. Doc. No. 22-5. After the Supplemental Declaration was filed on May 31, 2019, Defendant contacted Plaintiff to have the deposition excerpt withdrawn based on its earlier designation of the entire deposition as confidential pursuant to a standing protective order issued by the District Court in the Southern District of California in the underlying action. Doc. Nos. 23 at 2-3, 23-1 at 2, 21-24. On June 3, 2019, Plaintiff filed an unopposed motion for leave to file under seal and withdraw document (the "Motion to Withdraw and Seal"). Doc. No. 23. Plaintiff seeks to withdraw the deposition excerpt from the public record and re-file it under seal. Doc. No. 23 at 1.

Plaintiff argues that this information should be sealed because Defendant designated the deposition confidential pursuant to a standing protective order in the underlying case, it is not subject to public disclosure, and it does not involve public officials or concerns. Doc. Nos. 23 at 2-3; 23-1 at 2. Plaintiff also argues that the deposition was filed in relation to a discovery motion and is not subject to the common-law right of access. Doc. No. 23 at 3. Plaintiff notes that the District Court in California has recognized the sensitive nature of many of the documents in the

underlying case there, and has issued a protective order which would encompass Kimberly

Ashmore's deposition testimony as Defendant has identified it as confidential.  Doc. Nos. 23 at

1-2, 23-1 at 1-2, 5-16.  Pursuant to the California court's order, once deemed confidential, the

deposition transcript can only be filed under seal.[1]  Doc. No. 23-1 at 9-10.    Plaintiff's counsel

filed an affidavit in support of the Motion to Withdraw and Seal. Doc. No. 23-1 at 1-3.  Plaintiff

argues there is no less onerous way to protect the parties' privacy or proprietary interests because

the entire deposition has been designated confidential.  Doc. Nos. 23 at 4, 23-1 at 1-3.  Plaintiff

argues there will be no harm to the public in sealing this deposition and the deposition does not

concern public officials or concerns.  Doc. No. 23 at 4-5.  Plaintiff asks that the excerpt be sealed

for one year.  Doc. No. 23-5.

## II.    APPLICABLE LAW.

### A.  Local Rule 1.09.

Local Rule 1.09 governs the filing of documents under seal with the Court. Specifically,

Local Rule 1.09(a) governs situations where the requested seal is not authorized by "statute, rule,

or order," and states:

> a party seeking to file under seal any paper or other matter in any
> civil case shall file and serve a motion, the title of which includes
> the words "Motion to Seal" and which includes (i) an identification
> and description of each item proposed for sealing; (ii) the reason that
> filing each item is necessary; (iii) the reason that sealing each item
> is necessary; (iv) the reason that a means other than sealing is
> unavailable or unsatisfactory to preserve the interest advanced by
> the movant in support of the seal; (v) a statement of the proposed
> duration of the seal; and (vi) a memorandum of legal authority
> supporting the seal. The movant shall not file or otherwise tender to
> the Clerk any item proposed for sealing unless the Court has granted
> the motion required by this section. . . . Every order sealing any item

---

[1] The Protective Order contemplates that the party seeking to file a confidential document will have to demonstrate
that it is proper to seal the document.   Doc. No. 23-1 at 9-10.

> pursuant this section shall state the particular reason the seal is required.

Unless good cause is shown, no order sealing any document may extend longer than one year. Local Rule 1.09(c).

### B. The Eleventh Circuit's Standard for Filing Records Under Seal.

In addition to Local Rule 1.09, the Eleventh Circuit recognizes that there is a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The common law right of access "is instrumental in securing the integrity of the [judicial] process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right is not absolute, and, where it does apply, it "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). The Eleventh Circuit held:

> "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." [*Chicago Tribune Co.*, 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* While a party's privacy or proprietary interest in information may outweigh the public's common law right of access, parties do not have the right to agree on what judicial records should be sealed. *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985). The Court "must keep in mind the rights of a third party– the public, 'if the public is to appreciate fully the often

significant events at issue in public litigation and the workings of the legal system.'" *Id.* (quoting *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

III. **ANALYSIS.**

Plaintiff seeks to withdraw the excerpt of Kimberly Ashmore's deposition filed in the Supplemental Declaration and refile it under seal. Doc. No. 23. Plaintiff offers the affidavit of its counsel and the order issued by the District Court in California to support its contention that the information it seeks to file under seal is to be maintained in a confidential manner and that the parties would be harmed if the information was publicly disclosed. Doc. Nos. 23, 23-1.

After reviewing Plaintiff's Motion to Withdraw and Seal, the affidavit of Alexander Miller, Esq., and the order of the District Court of the Southern District of California, the Court finds that Plaintiff demonstrates good cause for filing the excerpt of the deposition of Kimberly Ashmore under seal. Doc. Nos. 23, 23-1. Ashmore's deposition testimony relates to communications between attorneys and their client about a potential legal malpractice claim against former counsel. Doc. No. 22-5. Defendant designated this deposition confidential pursuant to the Southern District of California Court's protective order. Doc. Nos. 23, 23-1. King seeks to file the deposition excerpt to directly address issues raised in Defendant's Response and neither Defendant nor King opposes the Motion to Withdraw and Seal. Doc. No. 23 at 5.

Allowing access to the deposition excerpt would not impair court functions, but it would harm Plaintiff's privacy interests as recognized by the District Court in California. The information contained in the deposition excerpt does not address public officials or public concerns. Withdrawing and refiling the deposition excerpt under seal is the least onerous alternative. Thus, after balancing the public interest in accessing court documents with the parties' interest in keeping the information confidential by weighing the factors above, in this

specific situation, the parties' interest outweighs the public's interest, and good cause exists to permit the withdrawal of the deposition excerpt and to refile it under seal. The sealed filing shall be sealed for one year from the date of this Order.

## IV.     CONCLUSION.

Accordingly, it is **ORDERED** as follows:

1. The Motion (Doc. No. 23) is **GRANTED**;

2. Doc. No. 22-5 shall be withdrawn from the public docket and shall be filed under seal for the Court's review; and

3. The duration of the seal shall be for one year from the date of this order or until further order of this Court.[2]

**DONE** and **ORDERED** in Orlando, Florida, on June 5, 2019.


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE



Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] This Order does not seal or permit redaction of documents admitted into evidence at trial, as those issues are more appropriately reserved for the judge presiding over the trial.