# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AMERICAN CLAIMS MANAGEMENT,
INC.,

       **Plaintiff,**

**v.**                                    **Case No:   6:19-mc-25-Orl-41GJK**

ALLIED WORLD SURPLUS LINES
INSURANCE COMPANY (fka Darwin
Select Insurance Company),

       **Defendant.**

---

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO QUASH NON-PARTY DEPOSITION SUBPOENA AND/OR MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 1)** |
| **FILED:** | **April 17, 2019** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.    BACKGROUND.

On April 12, 2019, Defendant Allied World Surplus Lines Insurance Company ("Allied

World") served a subpoena on non-party Mark E. King ("King") which commands King's

deposition in an action pending in the United States District Court for the Southern District of

California. [1]   Doc. No. 3-1.   The underlying case between Plaintiff American Claims Management, Inc. ("ACM") and Allied World is a breach of contract and bad faith claim related to an excess insurance policy issued by Allied World to ACM.   Doc. No. 3-2.   ACM alleges that Allied World acted in bad faith and failed to provide ACM with a proper defense in an underlying dispute with another insurer, QBE, and to honor its duty to fully indemnify ACM and to settle.[2] Doc. No. 3-2 at 3.   ACM alleges Allied World mishandled the claim at various stages and failed to settle leading to a substantial arbitration award against ACM in favor of QBE. Doc. No. 3-2 at 3.   Allied World filed a counterclaim against ACM for reimbursement and unjust enrichment for Allied World's payment to QBE.   Doc. No. 3-3.

On April 17, 2019, King filed a Motion to Quash Non-Party Deposition Subpoena and/or Motion for Protective Order and Incorporated Memorandum of Law (the "Motion").   Doc. No. 1. The Declarations of King and William V. O'Connor, Esq., counsel for ACM, were attached as exhibits.   Doc. Nos. 2 and 3.   On April 18, 2019, the Court issued an order staying enforcement of the subpoena pending resolution of the Motion.   Doc. No. 6.   King requested oral argument. Doc. No. 7.   On May 1, 2019, Allied World filed an Opposition to Mark E. King's Motion to Quash and Incorporated Memorandum of Law (the "Response").[3]   Doc. No. 12.   On May 31,

---

[1] *American Claims Management, Inc. v. Allied World Surplus Lines Insurance Company*, Case No. 18-cv-925-JLS-MDD.

[2] A brief synopsis of the underlying facts is instructive:

ACM is a third-party claims handler for QBE.   QBE's insured, Cortes, was involved in a motor vehicle accident with the Cardonas family.   The Cardonas were injured and Cortes, who was driving under the influence, was at fault.   ACM received a claim from the Cardonas for Cortes's policy limits of $30,000 but failed to timely respond to the claim.   The Cardonas ultimately received a $22 million jury verdict against Cortes.   QBE settled with the Cardonas and the Cortes families for $15 million and pursued ACM in arbitration.   An arbitration panel awarded QBE $18 million against ACM.   Allied World appointed the law firm of Jampol Zimet to assist ACM during the pendency of the Cardonas action (although ACM was not a party to the action, nor was QBE) based on potential claims by QBE for the Cardonas matter, under a reservation of rights.   Allied World also paid out its policy limits of approximately $5 million under a reservation of rights after the arbitration award was issued. ACM seeks the balance of the arbitration award from Allied World as well as attorney's fees and costs.   Doc. Nos. 3-2, 3-3.

[3] An unredacted copy of the Response was filed under seal along with a copy of the deposition of Peter Klee

2019, King filed a Reply in Support of Mark E. King's Motion to Quash Non-Party Deposition Subpoena and/or Motion for Protective Order (the "Reply").  Doc. No. 21.  On May 31, 2019, King also filed the Supplemental Declaration of William V. O'Connor.  Doc. No. 22.  On June 4, 2019, Allied World filed a Joinder in Request for Oral Argument seeking to join King's request for oral argument in this matter.  Doc. No. 24.

King is the Chief Litigation Officer for Brown & Brown, an insurance brokerage that is ACM's parent company.  Doc. Nos. 1 at 2-3; 2 at 1-2.  King argues that although he was copied on email correspondence during the underlying litigation involving the Cardonas, QBE, and ACM, he played no day-to-day role.[4]  Doc. No. 1 at 3; 2 at 3.  King argues that he has "virtually no non-privileged information to provide at deposition" with respect to the earlier litigation.  Doc. No. 1 at 4.  However, since the arbitration award to QBE, King has taken an active role in providing legal advice to ACM in its lawsuit against Allied World, including overseeing the litigation strategy of ACM's outside counsel of record.  Doc. No. 1 at 3.

King argues that Allied World cannot demonstrate that no other means exist for obtaining the information Allied World seeks from King, and that none of the information sought is relevant, non-privileged, or crucial to the preparation of Allied World's case.  Doc. No. 1 at 4.  King argues that Allied World's subpoena is merely a litigation tactic calculated to harass a high-ranking executive and lawyer of ACM's parent company and distract ACM's preparations for its upcoming expert witness reports and percipient witness depositions.  Doc. No. 1 at 5.

---

pursuant to this Court's order granting in part Allied World's motion to seal.  Doc. Nos. 13, 16, 17, 18, and 19.
[4] King states in his Declaration that:  "In my role as Chief Litigation Counsel, I was copied on some correspondence relating to the ACM-QBE dispute occurring after the acquisition of ACM by Brown & Brown. However, I played no day-to-day role in the litigation between ACM and QBE.

In its Response, Allied World argues that King is a percipient witness who can give relevant, nonprivileged testimony about the facts underlying the dispute between ACM and Allied World.   Doc. No. 18 at 1.   Allied World notes that King did not appear in the case currently pending in the District Court in Southern California until after he filed the instant Motion.   Doc. No. 18 at 3.   Allied argues that King's appearance in the action pending in California is nothing more than a pretext to avoid deposition.   Doc. No. 18 at 3.

Allied World argues that ACM's claim is that Allied World's appointed counsel, Alan Jampol, was furthering only Allied World's interests and that he provided incompetent counsel to ACM, including failing to settle in a timely fashion.   Doc. No. 18 at 3.   Allied World argues that King was far more involved in the underlying litigation that he admits, specifically that he was involved in discussions with Jampol, he had independent contacts with QBE regarding the matter, and that King directed Jampol to stop acting as counsel to ACM.   Doc. No. 18 at 3, 6.

## II.   ANALYSIS.

"The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26." *Woods v. On Baldwin Pond, LLC*, No. 6:13-CV-726-ORL-19DAB, 2014 WL 12625078, at *1 (M.D. Fla. Apr. 2, 2014). Rule 26(b)(1) provides the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Under Rule 26(c)(1), a party moving for a protective order must show that good cause exists for the court to issue such an order "protect[ing] a party or person from annoyance,

embarrassment, oppression, or undue burden or expense."[5] In addition to finding good cause, the court must also be satisfied that, on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989). The moving party bears the burden of establishing entitlement to a protective order. *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011).[6] Although the bases for granting a protective order are narrow, the Court may, on its own, limit the extent of discovery "if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Emails and deposition excerpts produced by both parties reflect that King was involved in some capacity in the underlying dispute between ACM and QBE.   Allied World seeks to depose King related to his involvement in that underlying dispute with respect to events "where he has firsthand knowledge of underlying facts – beginning with his taking over the case from Schraner on April 1, 2015, through his firing of Jampol in June 2015, and ending with the arbitration in April 2017."   Doc. No. 18 at 16-17.   Events that all pre-date the current litigation.   The Court finds that Allied World has demonstrated that King was involved in the underlying dispute, litigation, and arbitration and that he is likely to have factual knowledge that is discoverable. Thus, Allied World has demonstrated a legitimate purpose in seeking to depose King.

The privilege King seeks to assert is far more narrow and precise than the net cast by King in response to the subpoena.   Raising the specter of potential privilege is insufficient to preclude

---

[5] Under Rule 45(d)(3), the bases for quashing or modifying a subpoena that are applicable here are more limited than those for granting a protective order under Rule 26(c)(1), specifying that the court must grant the motion to quash or modify a subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden."

[6] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

any inquiry where relevant factual information may be available.   Facts are not protected by the attorney-client privilege.   *Slep-Tone Entm't Corp. v. Johnson*, 518 F. App'x , 821 (11th Cir. 2013) (Attorney client privilege "protects only disclosure of communications; it does not protect disclosure of underlying facts by those who communicated with the attorney.") (Citations omitted). Further, while it may be true that the inquiry during deposition could stray into matters that are privileged, those issues are more appropriately addressed when they come up on a case-by-case basis.   *Fox v. Pitney Bowes, Inc.*, No. 1:09-cv-1028, 2009 U.S. Dist. LEXIS 140134, at *8-9 (N.D. Ga. Sept. 18, 2009).   If King has a basis for objecting to a specific question posed at his deposition, he can assert the appropriate privilege at that time.   *Id.* at *8-10 (denying motion for blanket protective order for current counsel where counsel were material witnesses regarding the facts of the underlying settlement).

Blanket protective orders prohibiting a deposition are rarely granted absent extraordinary circumstances, even where the deposition is of a party's attorney.   *Id.* at *5 (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)); *Axiom Worldwide, Inc. v. HTRD Group H.K., Ltd.*, No. 8:11-cv-1468, 2013 U.S. Dist. LEXIS 8475, at *7-8 (M.D. Fla. Jan. 22, 2013).   King's involvement in the current pending action, and his appearance in that action, is insufficient in and of itself to prohibit his deposition as a percipient witness to the events that transpired prior to this litigation in the underlying dispute that serves as a basis for ACM's bad faith claim and Allied World's counterclaim. *Travelers Indem. Co. of Conn. v. Richard McKenzie & Sons, Inc.*, 8:17-cv-2106, 2018 U.S. Dist. LEXIS 118625, at *18 (M.D. Fla. Mar. 14, 2018) (courts have recognized a party's right to depose an opposing party's trial counsel where that attorney has also participated in events that underlie the action).   In short, King has failed to satisfy his burden that he is entitled to a protective order.

Allied World has requested attorney's fees for filing a Response to the Motion. Federal Rule of Civil Procedure 37(a)(5) governs attorney's fees for motions for protective order. *See Renuen Corp. v. Lameira*, No. 6:14-cv-1754, 2015 U.S. Dist. LEXIS 52814, at *6 (M.D. Fla. Apr. 22, 2015). If a motion is denied, "the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* A motion is "substantially justified" if it raises "a genuine dispute, or if reasonable people could differ as to the [appropriateness of the contested action]." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1314 (11th Cir. 2011) (alteration in original) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). "Thus, as would be expected, the award of sanctions under Rule 37(a)(5) turns on the specifics of each individual case." *Josendis, 662 F.3d* at 1314. The Court finds that an award of attorney's fees is not appropriate in this instance because it appears the motive for the Motion was to protect whatever information King possesses that is legitimately protected by the attorney-client privilege.

Based on the forgoing, it is **ORDERED** that the Motion (Doc. No. 1) is **DENIED** and the stay of the enforcement of the subpoena is lifted.

**DONE** and **ORDERED** in Orlando, Florida, on June 14, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

- 8 -

Copies furnished to:

Counsel of Record