IN THE UNITED STATES DISTRICT COURT, IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (fka Darwin Select Insurance Company), <br><br> Defendant and Counterclaimant. <br> _____ / | Misc. Action. 6:19-MC-00025-CEM-GJK <br><br> Underlying Case Pending in the United States District Court for the Southern District of California <br><br> Case No.: 18-CV-0925 JLS (MSB) <br><br> **TIME-SENSITIVE** |

## REQUEST TO EXPEDITE RESOLUTION OF MOTION TO STAY IN RESPONSE TO NEW FACTS

Non-party Mark E. King ("Mr. King") respectfully submits this request for expedited resolution of the motion to stay in light of new facts and recent developments concerning Mr. King's motion to stay the Court's June 14, 2019, order pending review by the district judge (Dkt. 28, Mot. to Stay). Mr. King states as follows:

1. Mark King filed his motion to stay the Court's June 14, 2019, order denying his Motion to Quash and/or for a Protective Order (Dkt. 27, the "June 14 Order") on June 18, 2019. (Dkt. 28, Mot. to Stay).

2. Hours after Mr. King moved to stay the Order, and having been informed that Mr. King was not available for deposition on July 2, 2019, Allied World issued a deposition notice unilaterally setting Mr. King's deposition for July 2, 2019. This is one day prior to Mr.

Bowling's deposition.[1] (Dkt. 31, O'Connor 3d Supp. Decl. ¶ 2, Ex. A). Allied World did so even though it knows that Mr. King is not available on that date, and that a scheduling conference has been set in the Southern District matter for June 24, 2019, to discuss Mr. King's deposition and other scheduling and discovery issues. (Dkt. 29, O'Connor 2d Supp. Decl. ¶¶ 6–7). In advance of the scheduling conference, ACM has informed the Southern District magistrate judge that, although it believes it is unnecessary and premature to alter the remaining pre-trial dates at this time, "it is possible that pending or future disputes may lead to a handful of limited depositions after the [discovery] cutoff date," to which ACM will not object. (Dkt. 29, O'Connor 2d Supp. Decl., Ex. A at 11).

3. On June 19, 2019, ACM contacted Allied World's counsel and requested that Allied World withdraw its improper deposition notice given Mr. King's unavailability on July 2, 2019, and Mr. King's pending motion to stay. (Dkt. 31, O'Connor 3d Supp. Decl. ¶ 3, Ex. B). In response, counsel for Allied World responded that it "would be happy to discuss putting off Mr. King's deposition to a future date," **but only if** "ACM would agree to extend the discovery schedule in California." *See id.* That is, Allied World is using the unilaterally set deposition of Mr. King not for a proper discovery purpose, but to instead extract concessions from ACM on the discovery schedule. ACM has already informed Allied World that it would make Mr. King available for deposition after the discovery cut, if such were shown to be necessary.

4. Allied World's decision to immediately notice the deposition on a date that it knew Mr. King was not available, and its attempt to use the deposition as a bargaining chip, underscores the necessity of granting a stay on an expedited basis. Mr. King is not available for

---

[1] Allied World has yet to tender witness fees to Mr. King, and unilaterally set the deposition location in Orlando, which is 56 miles from Kr. King's place of business. (Dkt. 31, O'Connor 3d Supp. Decl. ¶ 2, Ex. A). Mr. King reserves all rights and objections to Allied World's deposition notice.

deposition on July 2, 2019. (Dkt. 28, O'Connor 2d Supp. Decl. ¶¶ 3–4). Further, he has filed his objection to the district judge and motion to set aside the June 14 Order. (Dkt. 30). Allied World will suffer no harm from the issuance of a stay. (Dkt. 28, O'Connor 2d Supp. Decl. ¶¶ 4–5).

Accordingly, Mr. King respectfully requests that the Court expedite its ruling on the motion to stay (Dkt. 28), and grant Mr. King's request to stay enforcement of the subpoena pending review by the district judge in accordance with Federal Rule of Civil Procedure 72(a).

### LOCAL RULE 3.01(G) CERTIFICATION

I hereby certify that on June 19, 2019, counsel for ACM communicated with counsel for Allied World in a good faith attempt to resolve the issues in this notice and request. A resolution was not reached as counsel for Allied World opposes the relief requested herein, necessitating the filing of this notice and request.

Dated this 19th day of June, 2019.

Respectfully Submitted,

*/s/ Lawrence P. Ingram*
Lawrence P. Ingram FBN: 855510
Melissa B. Murphy FBN: 70071
Freeborn & Peters LLP
201 North Franklin Street, Suite 3550
Tampa, FL 33602
Telephone: (813) 488-2920
Email: lingram@freeborn.com
       mmurphy@freeborn.com
       pgeer@freeborn.com
       mbennett@freeborn.com
*Counsel for Non-Party Mark E. King*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 19, 2019, the foregoing was filed using the Court's CM/ECF system which will send electronic notice of filing to all counsel of record.

                              /s/ *Lawrence P. Ingram*
                              Attorney