UNITED STATES DISTRICT COURT, IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (fka Darwin Select Insurance Company), <br><br> Defendant and Counterclaimant. | Misc. Action No. 6:19-MC-00025-CEM-GJK <br><br> Underlying Case Pending in the United States District Court for the Southern District of California <br><br> Case No. 18-cv-0925 JLS (MSB) |

## DECLARATION OF JONATHAN E. FEDER

I, Jonathan E. Feder, hereby declare as follows:

1. I am over eighteen years of age and competent to make this declaration.

2. I have personal knowledge of all facts set forth herein and would testify to the same if called upon to do so.

3. I am an Associate with the New York office of Quinn Emanuel Urquhart & Sullivan, LLP located at 51 Madison Ave., 22nd Floor, New York, NY 10010.

4. Attached hereto as Exhibit A is a true and correct copy of an Order entered at docket number 68 in the underlying case pending in the United States District Court for the Southern District of California, No. 18-cv-00925.

5. Attached hereto as Exhibit B is a true and correct copy of a June 24, 2019 email from counsel for Allied World to Mark King and counsel for ACM.

6. Attached hereto as Exhibit C is a true and correct copy of a June 25, 2019 email from counsel for ACM to counsel for Allied World.

7.       As a result of the agreement reflected in Exhibit C, Allied World did not prepare an opposition to the Motion to Stay (Dkt. 28, 33) filed in this Court.

8.       Attached hereto as Exhibit D is a true and correct copy of a July 2, 2019 email from counsel for ACM to counsel for Allied World.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct. This declaration was executed on May 9, 2019 in New York, NY.

_/s/ Jonathan Feder_____
Jonathan E. Feder

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALLIED WORLD SURPLUS LINES INSURANCE COMPANY,<br><br>　　　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 18cv925-JLS(MSB)<br><br>**ORDER GRANTING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER [ECF NO. 31]**<br><br>**AND**<br><br>**AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

　　　　On June 26, 2019, the parties field a "Joint Motion to Amend Scheduling Order Following Case Management Conference." (ECF No. 67.) They ask the Court to continue all remaining dates in the Amended Case Management Order Regulating Discovery and Other Pre-trial Proceedings [ECF No. 46] by forty-five days. (Id. at 3.) In support, the parties state that they require additional time to "schedule and prepare for the handful of remaining depositions of fact, expert, and Rule 30(b)(6) witnesses" and "resolve the few remaining discovery disputes before the close of discovery." (Id. at 4.) They also contend that "[t]he extension will further allow time for the United States District Court

for the Middle District of Florida to consider non-party Mark King's objection to, and motion to set aside, the order denying his motion to quash the subpoena." (Id.)

Having considered the parties' joint motion and finding good cause, the Court **GRANTS IN PART** the motion. Accordingly, the Court modifies its Amended Scheduling Order Regulating Discovery and Other Pre-trial Proceedings [ECF No. 46] as follows:

1. The deposition of non-party Mark King noticed for July 2, 2019 is **STAYED** until **July 30, 2019**.

2. A telephonic attorneys-only Case Management Conference is set for **July 30, 2019**, at **9:00 a.m.** Plaintiff's counsel is to arrange and initiate the conference call. The telephone number for Judge Berg's chambers is (619) 557-6632. During the conference, the parties are to report, among other things, the status of proceedings regarding the subpoena in the United State District Court for the Middle District of Florida.

3. **All discovery, including expert discovery**, shall be completed by all parties by **August 26, 2019**. Completed means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that responses thereto will be due on or before the cutoff date. All subpoenas issued for discovery must be returnable on or before the discovery cutoff date. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the dispute occurred. The parties are required to meet and confer regarding all discovery disputes pursuant to the requirements of Local Rule 26.1(a). The parties are to comply with the chambers rules of the Magistrate Judge in bringing discovery before the court. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

///

///

4. All other pretrial motions must be filed by **September 25, 2019**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

5. A Mandatory Settlement Conference shall be conducted on **August 13, 2019**, at **9:30 a.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, Suite 3145, San Diego, CA 92101**. All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

    a. **Personal Appearance of Parties Required**: All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

    b. **Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. Retained outside

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum

corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement. A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

c. **Confidential Settlement Statements Required**: On or before **August 6, 2019**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits. Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts. The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief. The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case. To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits. Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state

---

certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

a demand or offer. General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer. The settlement statement should be submitted confidentially and need not be shared with other parties.

        d.     **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**. **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

    **If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

    6.     Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **December 12, 2019**.

    7.     Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **December 12, 2019**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

    8.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **December 19, 2019**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

9. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **January 2, 2020**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

10. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **January 9, 2020**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

11. The final Pretrial Conference is scheduled on the calendar of the **Honorable Janis L. Sammartino** on **January 16, 2020**, at **1:30 p.m.**

12. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

13. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

14. The dates and times set forth herein will not be modified except for good cause shown.

15. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court

///
///
///
///
///
///

judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated: June 28, 2019

Honorable Michael S. Berg
United States Magistrate Judge

# EXHIBIT B

| | | |
|---|---|---|
| **From:** | Guyon Knight | |
| **Sent:** | Monday, June 24, 2019 3:46 PM | |
| **To:** | O'Connor, William V; Miller, Alexander; Voris, Dane; Hoffnagle, Greg; Mark King | |
| **Cc:** | Jane Byrne; Amar Thakur; Jonathan Feder | |
| **Subject:** | ACM v Allied World | |

Dear Bill:

I'm writing to follow up on today's call with the magistrate judge.

First, please let us know if you want to reschedule ACM's 30b6 deposition, which would also give us time to meet and confer about potentially designating other depositions for certain topics. We will need to ship our documents to your offices tomorrow, so we would appreciate a response by noon Pacific time tomorrow.

Second, in light of the agreement to stay enforcement of the King subpoena for 30 days, we believe the motion to stay in Florida should be withdrawn. Judge Berg has full authority to stay this deposition if he believes it appropriate, and we don't think it makes sense to have two different judges in two different courts deciding the same issue. (We do not intend to oppose the motion to expedite, and in fact never indicated we would oppose such a motion.)

Third, below is a proposal at effecting the 45-day extension:

| Event | Old Date | New Date |
|---|---|---|
| End date for all remaining discovery | 7/12/2019 | 8/26/2019 |
| All pretrial motions | 8/12/2019 | 9/25/2019 |
| Mandatory settlement conference | 7/30/2019 | 8/13/2019 [date confirmed with our client] |
| Confidential settlement statements | 7/23/2019 | 8/6/2019 |
| Memoranda of Contentions of Fact and Law, and other actions required by LR 16.1(f)(2) | 10/24/2019 | 11/22/2019 |
| Compliance with pretrial disclosure requirements of FRCP 26(a)(3) | 10/24/2019 | 11/22/2019 |
| Counsel meet and take action required by LR 16.1(f)(4) | 10/31/2019 | 12/6/2019 |
| Counsel for plaintiff to provide opposing counsel with proposed pretrial order | 11/7/2019 | 12/13/2019 |
| Proposed final pretrial conference order lodged | 11/14/2019 | 12/20/2019 |
| Final PTC | 11/21/2019 at 1:30pm | 1/6/2020 at 1:30pm |

Best,
Guyon

**Guyon H. Knight**
*Associate*

1

**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7128 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
guyonknight@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT C

| | |
|---|---|
| **From:** | O'Connor, William V <woconnor@cooley.com> |
| **Sent:** | Tuesday, June 25, 2019 11:02 AM |
| **To:** | Jane Byrne; Guyon Knight; Jonathan Feder; Amar Thakur |
| **Cc:** | Ingram, Lawrence P.; Murphy, Melissa B.; Voris, Dane; Miller, Alexander; Hoffnagle, Greg |
| **Subject:** | ACM v. Allied World - M.D. Fla. Motion to Stay/Expedite |

**[EXTERNAL EMAIL]**

Counsel,

This will confirm that the motions to stay/expedite and joinders at Dkt. Nos. 28, 32, and 33 will be withdrawn upon the entry of Magistrate Judge Berg's order confirming the stay of Mr. King's deposition through the case management conference on July 30, 2019.

Best,

Bill O'Connor
Cooley LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
+1 858 550 6002 office
+1 858 550 6420 fax
+1 858 717 5230 mobile
woconnor@cooley.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

# EXHIBIT D

| | |
|---|---|
| **From:** | Miller, Alexander <AMiller@cooley.com> |
| **Sent:** | Tuesday, July 2, 2019 12:31 PM |
| **To:** | Guyon Knight; Jane Byrne; Jonathan Feder; Amar Thakur |
| **Cc:** | Ingram, Lawrence P.; Murphy, Melissa B.; O'Connor, William V; Voris, Dane; Hoffnagle, Greg |
| **Subject:** | RE: ACM v. Allied World - M.D. Fla. Motion to Stay/Expedite |

**[EXTERNAL EMAIL]**

Guyon,

ACM intends to provide notice to the Middle District of Florida court regarding the stay entered by Judge Berg following the parties' agreement during the case management conference last week.

Allied World forced ACM and Mr. King to seek relief regarding the improper and harassing July 2 deposition notice.  While we agreed to withdraw the stay motion and request to expedite upon entry of an order confirming a stay by Judge Berg, we did not agree to vacate any order of the Florida court if it ruled prior to entry Judge Berg's order, which is what happened here.   As you know, Judge Berg was apprised of the outstanding stay motion before entering his order, and Allied World had no objection to the entry of a 30-day stay.  Consistent with our discussions at the CMC, we will update Judge Berg regarding the Florida court's order during the telephonic conference on July 30.

Best,
Alex

**From:** Guyon Knight <guyonknight@quinnemanuel.com>
**Sent:** Monday, July 1, 2019 1:12 PM
**To:** O'Connor, William V <woconnor@cooley.com>; Jane Byrne <janebyrne@quinnemanuel.com>; Jonathan Feder <jonathanfeder@quinnemanuel.com>; Amar Thakur <amarthakur@quinnemanuel.com>
**Cc:** Ingram, Lawrence P. <lingram@freeborn.com>; Murphy, Melissa B. <mmurphy@freeborn.com>; Voris, Dane <dvoris@cooley.com>; Miller, Alexander <AMiller@cooley.com>; Hoffnagle, Greg <ghoffnagle@cooley.com>
**Subject:** RE: ACM v. Allied World - M.D. Fla. Motion to Stay/Expedite

Bill:

Please provide a response to my email below by 12pm Eastern time on July 2. If you do not intend to take action in Florida with respect to the stay, please also confirm immediately whether you will oppose a motion to vacate or for reconsideration to be filed on July 2 by Allied World based on your agreement below.

Best,
Guyon

**From:** Guyon Knight
**Sent:** Friday, June 28, 2019 1:23 PM
**To:** 'O'Connor, William V' <woconnor@cooley.com>; Jane Byrne <JaneByrne@QuinnEmanuel.com>; Jonathan Feder <jonathanfeder@quinnemanuel.com>; Amar Thakur <amarthakur@quinnemanuel.com>
**Cc:** Ingram, Lawrence P. <lingram@freeborn.com>; Murphy, Melissa B. <mmurphy@freeborn.com>; Voris, Dane <dvoris@cooley.com>; Miller, Alexander <AMiller@cooley.com>; Hoffnagle, Greg <ghoffnagle@cooley.com>
**Subject:** RE: ACM v. Allied World - M.D. Fla. Motion to Stay/Expedite

Dear Bill:

Now that Magistrate Judge Berg has entered an order staying the King deposition, please confirm that you will withdraw the request for a stay in Florida, and will request that the court vacate the stay entered yesterday.

Best,
Guyon

**From:** O'Connor, William V [mailto:woconnor@cooley.com]
**Sent:** Tuesday, June 25, 2019 11:02 AM
**To:** Jane Byrne <janebyrne@quinnemanuel.com>; Guyon Knight <guyonknight@quinnemanuel.com>; Jonathan Feder <jonathanfeder@quinnemanuel.com>; Amar Thakur <amarthakur@quinnemanuel.com>
**Cc:** Ingram, Lawrence P. <lingram@freeborn.com>; Murphy, Melissa B. <mmurphy@freeborn.com>; Voris, Dane <dvoris@cooley.com>; Miller, Alexander <AMiller@cooley.com>; Hoffnagle, Greg <ghoffnagle@cooley.com>
**Subject:** ACM v. Allied World - M.D. Fla. Motion to Stay/Expedite

**[EXTERNAL EMAIL]**

Counsel,

This will confirm that the motions to stay/expedite and joinders at Dkt. Nos. 28, 32, and 33 will be withdrawn upon the entry of Magistrate Judge Berg's order confirming the stay of Mr. King's deposition through the case management conference on July 30, 2019.

Best,

Bill O'Connor
Cooley LLP
4401 Eastgate Mall
San Diego, CA   92121-1909
+1 858 550 6002 office
+1 858 550 6420 fax
+1 858 717 5230 mobile
woconnor@cooley.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.