IN THE UNITED STATES DISTRICT COURT, IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AMERICAN CLAIMS MANAGEMENT, INC., <br><br>     Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> ALLIED WORLD SURPLUS LINES INSURANCE COMPANY (fka Darwin Select Insurance Company), <br><br>     Defendant and Counterclaimant. <br> _____/ | Misc. Action.  6:19-MC-00025-CEM-GJK <br><br> Underlying Case Pending in the United States District Court for the Southern District of California <br><br> Case No.: 18-CV-0925 JLS (MSB) |

**JOINT OPPOSITION TO MOTION TO LIFT JUDGE MENDOZA'S ORDER GRANTING KING'S MOTION TO EXPEDITE RESOLUTION OF MOTION TO STAY AND MOTION TO STAY**

Non-party Mark E. King ("Mr. King") and American Claims Management, Inc. ("ACM") respectfully oppose Allied World's motion to lift the stay of enforcement of Allied World's deposition subpoena. (Dkt. 38.) Nothing has changed in the litigation that would warrant lifting the stay, and there is no risk of "potentially inconsistent court orders." (*Id.* at 1, 3.) To the contrary, the parallel relief afforded by United States Magistrate Judge Michael S. Berg in the underlying case is entirely consistent with the relief granted by this Court, and recognizes the importance of staying Mr. King's deposition until his objection can be heard by the district judge in accordance with Federal Rule of Civil Procedure 72(a).

Mr. King filed his motion to stay enforcement of the subpoena on June 18, 2019. (Dkt. 28.) The same day, Allied World unilaterally noticed Mr. King's deposition for July 2, 2019. (Dkt. 31 at ¶ 2.) Despite meeting and conferring on the issues, Allied World refused to withdraw the notice pending resolution of Mr. King's motion to stay. (*Id.* at ¶ 3.) Accordingly, Mr. King

filed a request to expedite ruling on the motion to stay the next day on June 19, 2019. (Dkt. 32.) ACM joined in the request. (Dkt. 33.)

While the motion to stay and request to expedite were still pending, ACM and Allied World attended a case management conference with Judge Berg on June 24, 2019. (Dkt. 35.) Following the case management conference, during which ACM raised its concern that this Court had not yet ruled on Mr. King's motion to stay, ACM and Allied World filed a joint motion requesting an extension of certain discovery deadlines and a stay of Mr. King's deposition. (Feder Decl. Ex. A.) The joint motion was filed June 26, 2019—one day before this Court entered its order on June 27, 2019, staying enforcement of the subpoena pending resolution of Mr. King's objection. (*Id.*) Judge Berg granted the parties' joint motion on June 28, 2019, and Mr. King and ACM promptly notified this Court of the ruling. (*See* Dkt. 35.)

Judge Berg's June 28, 2019 Order provides only a temporary stay of Mr. King's deposition pending a status conference to be held on July 30, 2019, at which time ACM and Allied World will apprise Judge Berg of the status of these subpoena enforcement proceedings.[1] (Feder Decl. Ex. A.) At the time of the June 24, 2019 case management conference, Mr. King's motion to stay and request to expedite resolution had not been ruled on, and Allied World had refused to withdraw its notice unilaterally setting Mr. King's deposition for July 2, 2019. (*See* Dkt. 31 at ¶ 3.) With only a matter of days before Mr. King's noticed deposition, it was entirely reasonable for Judge Berg to enter a temporary stay. Allied World did not oppose a stay from Judge Berg, and in fact joined in the motion to Judge Berg seeking that very relief. (Feder Decl. Ex. A.) Judge Berg was informed by the parties of the motion to stay and request for expedited

---

[1] Contrary to Allied World's claim, Judge Berg's order does not "provide[] King with the relief he requested," but instead only stays Mr. King's deposition through the next case management conference on July 30, 2019. (*See* Feder Decl. Ex. A.) As Allied World well knows, Mr. King's motion to stay requested that this Court "stay enforcement of the subpoena pending resolution of Mr. King's appeal by the district judge," relief this Court has now granted. (Dkt. 28 at 5.)

ruling pending in this Court during the June 24, 2019 case management conference. (*See* Feder Decl., Exs. A, D.)

The temporary relief afforded by Judge Berg, which only maintains the status quo pending the upcoming July 30, 2019 status conference, is in no way inconsistent with this Court's entry of a stay "pending a resolution of the Objection." (Feder Decl. Ex. A.) Both orders recognize the significant and irreversible harm Mr. King would suffer if required to sit for deposition before his objection can be ruled on, and protect Mr. King's right to seek review under Federal Rule of civil Procedure 72(a). Now that this Court has conclusively ruled on the issue, the parties will inform Judge Berg of "the status of proceedings regarding the subpoena" on July 30, 2019, likely rendering any further stay by Judge Berg unnecessary. (*Id.*) While Allied World complains that ACM's counsel represented that ACM would seek to withdraw its motion to stay in this Court "upon entry of Magistrate Judge Berg's order," this Court granted the motion to stay **before** Judge Berg ruled on the joint motion, so there was no pending motion to stay for ACM to seek to withdraw. (*See* Feder Decl. Ex. D.) Further, neither Mr. King, the non-party who filed the motion to stay, nor ACM ever agreed to withdraw the motion after the relief was granted.[2] In any event, now that this Court has provided Mr. King with definite relief, there is no reason for ACM to seek a further stay from Judge Berg, which was granted only based on ACM's concern that Mr. King and ACM may not receive a ruling on Mr. King's motion to stay before the July 2, 2019 deposition noticed by Allied World.[3]

---

[2] In any event, it is Mr. King's position that his deposition no longer serves any useful purpose when on July 3, 2019, Allied World conducted a lengthy deposition of Mr. Robert Bowling, the Brown & Brown litigation counsel who was handling the matter on a day-to-day basis.

[3] To the extent Allied World claims that it "did not prepare an opposition to the Motion to Stay" as a result of its agreement with ACM, this is pure gamesmanship—Allied World did not oppose the request for an expedited ruling on Mr. King's motion to stay, "and in fact never indicated that [Allied World] would oppose such a motion." (*See* Feder Decl. Ex. B.) Nor did Allied World oppose ACM's request for a stay from Judge Berg. (Feder Decl. Ex. A.)

Accordingly, Mr. King and ACM respectfully request that the Court deny Allied World's motion to vacate this Court's order staying enforcement of the subpoena, and instead continue to stay enforcement of the subpoena pending review of Mr. King's objection by the district judge in accordance with Federal Rule of Civil Procedure 72(a).

Dated: July 17, 2019

Respectfully submitted,

/s/ *Lawrence P. Ingram*
Lawrence P. Ingram FBN: 855510
Melissa B. Murphy FBN: 70071
Freeborn & Peters LLP
201 North Franklin Street, Suite 3550
Tampa, FL 33602
Telephone: (813) 488-2920
Email:  lingram@freeborn.com
         mmurphy@freeborn.com
         pgeer@freeborn.com
         mbennett@freeborn.com
*Counsel for Non-Party Mark E. King*

COOLEY LLP
WILLIAM V. O'CONNOR (*pro hac vice*)

/s/ *William V. O'Connor*
William V. O'Connor (*pro hac vice*)

Attorneys for Plaintiff and Counterclaim-Defendant American Claims Management, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2019, the forgoing was filed using the Court's CM/ECF system, which will send electronic notice of filing to all counsel of record.

/s/ *Lawrence P. Ingram*