UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AMERICAN CLAIMS MANAGEMENT, INC.,**

      **Plaintiff,**

v.                                                         Case No:  6:19-mc-25-Orl-41GJK

**ALLIED WORLD SURPLUS LINES INSURANCE COMPANY,**

      **Defendant.**

                                                /

## ORDER

THIS CAUSE is before the Court on the Objection to, and Motion to Set Aside, Magistrate Judge's Order Denying Non-Party Mark King's Motion to Quash and/or for a Protective Order ("Objection," Doc. 30), to which Defendant filed a Response in opposition (Doc. 38). Also before the Court is Defendant's Motion to Lift Judge Mendoza's Order Granting King's Motion to Expedite Resolution of Motion to Stay and Motion to Stay (Doc. 36). As set forth below, the motions will be denied.

### I.    BACKGROUND[1]

On April 12, 2019, Defendant served a deposition subpoena on non-party Mark E. King ("King") in relation to an action pending in the United States District Court for the Southern District of California. ("Motion to Quash," Doc. 1 at 1). The underlying case between Plaintiff and Defendant involves claims for breach of contract and bad faith relating to an excess insurance policy issued by Defendant to Plaintiff. (*Id.* at 2). Plaintiff alleges that Defendant acted in bad faith

---

[1] For a complete recitation of the facts, see Judge Kelly's Order denying King's Motion to Quash (June 14, 2019 Order, Doc. 27).

and failed to provide Plaintiff with a proper defense in an underlying dispute with another insurer, QBE, and to honor its duty to fully indemnify Plaintiff and to settle. (*Id.*). Defendant filed a counterclaim against Plaintiff for reimbursement and unjust enrichment for Defendant's payment to QBE. (*See generally* Countercl., Doc. 3-3).

On April 17, 2019, King filed a Motion to Quash Non-Party Deposition Subpoena and/or Motion for Protective Order (Doc. 1). King is the Chief Litigation Officer for Brown & Brown, an insurance brokerage that is Plaintiff's parent company. (Doc. 1 at 2, 3). The parties dispute the level of King's involvement in the underlying litigation. (*Compare* Doc. 1 at 3, *with* Opposition, Doc. 12, at 2). However, since the arbitration award to QBE, King has taken an active role in providing legal advice to Plaintiff in its lawsuit against Defendant, including overseeing the litigation strategy of Plaintiff's outside counsel of record. (Doc. 1 at 3).

On June 14, 2019, Judge Kelly denied King's Motion to Quash. (*See generally* June 14, 2019 Order, Doc. 27). In response, King filed a Motion to Stay Enforcement of Subpoena (Doc. 28) and an Objection, arguing that Judge Kelly's Order is contrary to law. The Court granted King's Motion to Stay and stayed the enforcement of the subpoena until it can address King's Objection. (June 27, 2019 Order, Doc. 34).

## II.    STANDARD OF REVIEW

A plaintiff's objection to a Magistrate Judge's order is reviewed under the "clearly erroneous" or "contrary to law" standard. Fed. R. Civ. P. 72(a); *Hallford v. Allen*, No. 07-0401-WS-C, 2007 WL 2570748, at *1 (S.D. Ala. Aug. 30, 2007) (collecting cases). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United*

*States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quotation omitted).

### III.   ANALYSIS

King objects to Judge Kelly's Order on several grounds. Particularly, King argues that the Order: (1) fails to address the Motion to Quash under Rule 45; (2) fails to address King's argument that the subpoena is harassing and unduly burdensome; (3) fails to apply a heightened standard for deposing trial counsel; (4) improperly shifts the burden of persuasion; and (5) improperly allows Allied World to seek an apex deposition. Each of those arguments will be addressed in turn.

#### A.   Objection to Order Failing to Address Rule 45

First, King argues that the Order is contrary to law because Judge Kelly only analyzed the Motion to Quash under Rule 26 and not Rule 45. That is not the case. At the outset, Judge Kelly noted that "[u]nder Rule 45(d)(3), the bases for quashing or modifying a subpoena that are applicable here are more limited than those for granting a protective order under Rule 26(c)(1)." (Doc. 27 at 5 n.5). Judge Kelly also acknowledged that "the court must grant the motion to quash or modify a subpoena if the subpoena 'requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden.'" (*Id.* (quoting Fed. R. Civ. P. 45(d)(3))). Judge Kelly ultimately concluded that the potential disclosure of privileged matters should be determined on a case-by-case basis. (*Id.* at 6). Thus, the Order analyzed King's Motion to Quash under Rule 45, and it will not be set aside on that ground.

#### B.   Objection to Order Failing to Address King's Argument that the Subpoena is Harassing and Unduly Burdensome

King asserts the Order is contrary to law because it fails to address certain arguments he made in his Motion to Quash. Specifically, King alleges that Judge Kelly did not address his

arguments that: (1) King was unlikely to possess relevant, non-privileged information given his role in the litigation; (2) King was not involved in the day-to-day handling of the underlying litigation; and (3) Allied World has not yet deposed the other two attorneys who allegedly oversaw the underlying litigation, thus making King's deposition duplicative. To King's first two arguments, Judge Kelly directly addressed those contentions when he concluded that "King was involved in the underlying dispute, litigation, and arbitration and that he is likely to have factual knowledge that is discoverable." (*Id.* at 5).

As for King's third argument, according to the parties' filings, both Mr. Bowling and Mr. Schraner, the attorneys who allegedly oversaw the underlying litigation, have already been deposed. (Doc. 30 at 7 n.5 (noting that Mr. Bowling's deposition was scheduled for July 3, 2019 and Mr. Schraner was deposed on June 11, 2019)). Moreover, Allied World contends that King's deposition would not be duplicative because he possesses relevant, discoverable information that Messrs. Bowling and Schraner do not possess. Thus, King has not demonstrated that Judge Kelly's Order is contrary to law, and the Order will not be set aside on that ground.

**C.    Objection to Order Failing to Apply a Heightened Standard for Deposing Trial Counsel**

King asserts that Judge Kelly's Order does not apply the correct standard for analyzing a party's request to depose trial counsel and is, therefore, contrary to law. Specifically, King avers that Judge Kelly should have analyzed the Motion to Quash under the Eighth Circuit's opinion in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). However, as Allied World notes, that decision is not binding on this Court. Moreover, in his Order, Judge Kelly cited *Travelers Indemnity Co. of Connecticut v. Richard McKenzie and Sons, Inc.*, No. 8:17-cv-2106-T-23CPT, 2018 WL3391267 (M.D. Fla. Mar. 14, 2018), which noted that "*Shelton* was not intended to provide heightened protection to attorneys who represented a client in a completed

case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial." *Id.* at *7. Therefore, King has not shown that Judge Kelly applied incorrect law in this instance, and the Order will not be set aside.

### D.  Objection to Order Shifting the Burden of Persuasion

King argues that Judge Kelly's Order improperly shifted the burden of persuasion to him, and therefore, the Order must be set aside as contrary to law. King alleges that Judge Kelly failed to analyze whether Allied World's need to depose King outweighed the dangers of deposing counsel. This is not the case. Judge Kelly found that Allied World had demonstrated a legitimate purpose for deposing King because King likely possessed relevant, discoverable knowledge. (Doc. 27 at 5). In addressing the potential dangers of deposing King, Judge Kelly noted that King would only be deposed on events that pre-dated the current litigation and any potential disclosure of privileged information could be addressed on a case-by-case basis. (*Id.* at 5, 6). Taken together, Judge Kelly did not improperly shift the burden of persuasion. Thus, Judge Kelly's Order will not be set aside.

### E.  Objection to Allowing "Apex" Deposition

Lastly, King, as chief litigation counsel for Brown & Brown, avers that it is improper for Allied World to depose him before deposing other, lower-ranking members within ACM. King's argument does not address how Judge Kelly's Order is contrary to law in this regard and does not account for the fact that, to the Court's knowledge, Messrs. Bowling and Schraner have already been deposed. Accordingly, King's Objection will be overruled.[2]

### IV.  CONCLUSION

---

[2] Because King's Objection will be overruled, Defendant's motion to lift the stay will be denied as moot.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The June 14, 2019 Order (Doc. 27) denying King's Motion to Quash Non-Party Deposition Subpoena and/or Motion for Protective Order is **AFFIRMED**.

2. The Objection to, and Motion to Set Aside, Magistrate Judge's Order Denying Non-Party Mark King's Motion to Quash and/or for a Protective Order (Doc. 30) is **OVERRULED**.

3. Defendant's Motion to Lift Judge Mendoza's Order Granting King's Motion to Expedite Resolution of Motion to Stay and Motion to Stay (Doc. 36) is **DENIED as moot**.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2019.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record